Noe CAMPOS, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–88–1003–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 7, 1989.
Discretionary Review Refused March 28, 1990.

---

2. TEX.CIV.PRAC. & REM.CODE ANN. § 16.008 (Vernon 1986) (formerly TEX.REV.CIV.STAT.ANN. art. 5536a, § 1).

Henry L. Burkholsher, III, Houston, for appellant.

John M. Bradley, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

A jury found Noe Campos (appellant or Campos) guilty of the misdemeanor offense of theft by a public servant. Appellant pled true to an enhancement paragraph, and the trial court sentenced him to one year in Harris County jail, probated for one year, and assessed a five hundred dollar ($500) fine. In his sole point of error appellant challenges the jurisdiction of the county criminal court at law over the offense. For the reasons discussed below, we conclude that the trial court did have proper jurisdiction to examine the charges filed against appellant.

In an information at County Court at Law No. 6 the State charged Campos, a Harris County Sheriff's Department deputy, of misrepresenting and receiving excess payment for travel expenses incurred while transporting state prisoners. Appellant's claimed expenses surpassed actual expenses in an amount less than two hundred dollars but exceeding twenty dollars. This conduct constituted a class B misdemeanor, which the information enhanced to a class A misdemeanor because of appellant's standing as a public servant. See TEX.PE-NAL CODE ANN. § 31.03(a), (b)(1), & (f) (Vernon 1989).

Appellant claims that the offense was official misconduct. See TEX.PENAL CODE ANN. § 39.01 (Vernon 1989). Under this assumption Campos asserts that the charge against him is subject to the exclusive jurisdiction of the district court. Appellant may be correct in the classification of his malfeasance, see Robinson v. State, 470 S.W.2d 697, 699 (Tex.Crim.App.1971); however, we find it unnecessary to examine

this issue as we conclude that the district courts and county courts at law have concurrent jurisdiction over such misdemeanors.

Article 4.05 of the code of criminal procedure states that criminal district courts have original jurisdiction over all misdemeanors involving official misconduct. TEX.CODE CRIM.PROC.ANN. art. 4.05 (Vernon Supp.1989). Appellant states that in Gallagher v. State, 690 S.W.2d 587, 594 (Tex.Crim.App.1985), the Court of Criminal Appeals dictated that original jurisdiction in the context of this article is the functional equivalent of exclusive jurisdiction. Although appellant is correct in his reading of the case, the court decided Gallagher before the 1985 amendment to Texas Constitution Article V, Section 8. Article V is pertinent in construing the criminal procedure statute because it also defines the jurisdiction of the district courts and supersedes subordinate state statutes and rules.

Prior to its amendment, Article V, Section 8, merely enumerated those cases over which the district court had original jurisdiction. TEX.CONST. art. V, § 8 (Vernon 1955). The amended provision now grants exclusive jurisdiction to the district courts in all cases except "where exclusive, appellate, or original jurisdiction may be conferred by [the Texas] Constitution or other law on some other court, tribunal, or administrative body." TEX.CONST. art. V, § 8. Since criminal procedure article 4.07 grants county courts at law jurisdiction over all misdemeanors, TEX.CODE CRIM.PROC.ANN. art. 4.07 (Vernon 1977), the article constitutes "other law" and is therefore an exception to the exclusive jurisdiction of the district courts. See Hall v. State, 736 S.W.2d 818, 822 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd). As a result, the district courts and the county courts at law have concurrent jurisdiction over misdemeanor offenses involving official misconduct. See id. The State could have properly filed charges against appellant in either court.

The Court of Criminal Appeals has subsequently supported the holding in Gallagher, but the court examined that case only

with regard to district courts' continued original jurisdiction in misdemeanor cases involving official misconduct. *Emerson v. State,* 727 S.W.2d 267, 269 (Tex.Crim.App. 1987). Nowhere in the *Emerson* opinion does the court state that county courts at law do not maintain concurrent jurisdiction.

Since the county court at law had appropriate jurisdiction to hear appellant's charges, we affirm the trial court's judgment.