**Elliott Sirvan WATSON, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–93–062–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 4, 1996.

Opinion Overruling Rehearing
March 7, 1996.

Michael Logan Ware, Fort Worth, for appellant.

1. *Watson v. State,* 885 S.W.2d 222 (Tex.App.— Fort Worth 1994).

2. *Watson. v. State,* No. 1208–94 (Tex.Crim.App. Jan. 11, 1995) (not designated for publication).

Tim Curry, Criminal District Attorney; Betty Marshall and Charles M. Mallin, Assistant Chiefs of Appellate Section; Anne E. Swenson, Sharon Johnson, Assistant Criminal District Attorneys, Fort Worth, for appellee.

Before CAYCE, C.J., and DAUPHINOT and HOLMAN, JJ.

## OPINION ON REMAND

HOLMAN, Justice.

Appellant Elliott Sirvan Watson was convicted of murder and assessed life imprisonment and a fine of $10,000. This court affirmed his conviction.[1] The Court of Criminal Appeals granted Watson's petition for discretionary review on one issue, vacated our original judgment, and remanded the cause to us for reconsideration.[2]

On remand we are to rule on Watson's original first point of error, that "[t]he trial court abused its discretion in ruling that a potential juror was absolutely disqualified from jury service based on a hearsay document that was not shown to fit any exception to the hearsay rule." We affirm the judgment of the trial court.

Before voir dire began at the original trial, the trial court received information that Venireperson No. 4 might be absolutely disqualified under article 35.16(a) of the Texas Code of Criminal Procedure. This statute provides that:

A challenge for cause may be made by either the state or the defense for any of the following reasons:

. . . .

3. That he is under indictment or other legal accusation for theft or any felony;

. . . .

No juror shall be impaneled when it appears that he is subject to the second, third or fourth grounds of challenge for cause set forth above . . . .[3]

3. Tex.Code Crim.Proc.Ann. art. 35.16 (Vernon 1989).

The State produced "a criminal person case list" printed out of the District Attorney's office computer which indicated that Venireperson No. 4 had a pending theft by check case. When asked if she was under any sort of charge for theft, Venireperson No. 4 replied "[n]ot that I'm aware of." She was questioned as to her identity, and informed the court that she had the same middle name, date of birth, and prior address as the person reported on the list. The State proposed that Venireperson No. 4 probably was not aware of the charge, and the trial court excused Venireperson No. 4, over objection by Watson.

Before deciding whether evidence used to disqualify a potential juror was impermissible hearsay, we must determine whether an objection for hearsay can be used to exclude the evidence. If jury voir dire is not subject to the Texas Rules of Criminal Evidence, then an objection based on hearsay could not be used to bar the evidence in question. Neither Watson nor the State has provided any caselaw which indicates whether the rules of evidence apply to jury voir dire.

■ The Texas Rules of Criminal Evidence state that "These rules govern criminal proceedings in courts of Texas except where otherwise provided." [4] They further provide that "These rules apply in criminal proceedings in all Texas courts and in examining trials before magistrates." [5] The rules also provide a list of situations in which they do not apply, and jury voir dire is not on that list. [6] Finally, while the rules themselves do not mention jury voir dire, the Texas Code of Criminal Procedure does specifically address

voir dire and challenges, [7] and its scope of control is also over "all criminal proceedings." [8] Absent any legal authority to the contrary, we find that jury voir dire is an integral initial part of a trial, which is clearly a "criminal proceeding" under the rules. Consequently, we hold that the Texas Rules of Criminal Evidence apply to jury voir dire. We must now determine the effect of the rules on this case.

■ Watson contends that Venireperson No. 4 was improperly excluded from the jury panel based on "a criminal person case list" which was inadmissible hearsay. We agree that the computer printout of information placed in the computer by another person was hearsay. [9] However, the State argues that the information on the list was admissible under rule 803(8)(A) of the Texas Rules of Criminal Evidence—the "Public Records and Reports" exception to the hearsay rule. [10]

Watson claims that the document is not within the 803(8) exception, because it is a matter observed by police officers and other law enforcement personnel, and thus is excluded by part (B) of the exception. We find this argument unpersuasive.

Watson cites *Cole v. State* [11] in support of his argument that the records in case may not be admitted due to their "law enforcement origin." In *Cole,* the court excluded reports of a Texas Department of Public Safety chemist that were "factual findings resulting from an investigation made pursuant to authority granted by law." [12] The State in *Cole* was attempting to introduce the chemist's report against the accused in an adversarial proceeding. In the case before

---

**4.** Tex.R.Crim.Evid. 101(b).

**5.** Tex.R.Crim.Evid. 1101(a).

**6.** Tex.R.Crim.Evid. 1101(c).

**7.** Tex.Code Crim.Proc.Ann. art. § 35.12 (Vernon 1989).

**8.** Tex.Code Crim.Proc.Ann. art. § 1.02 (Vernon 1977).

**9.** *Gassett v. State,* 532 S.W.2d 328, 330 (Tex. Crim.App.1976).

**10.** Rule 803 of the Texas Rules of Criminal Evidence reads:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .
>
> (8) Public Records and Reports. Records reports, statements, or data compilations, in any form, of public offices or agencies setting forth (A) the activities of the office or agency. . . .
>
> Tex.R.Crim.Evid. 803.

**11.** 839 S.W.2d 798, 802–03 (Tex.Crim.App.1990).

**12.** *Id.*

this court, however, the State used a list which was not part of any investigation nor intended for use against Watson, nor even against Venireperson No. 4, but was merely a ministerial report of persons with outstanding charges.[13] Finding that the complained-of printout is a report, statement, or data compilation, of a public office setting forth the activities of the office or agency, we hold that the printout was excepted from exclusion as hearsay by rule 803(8)(A), and the trial court did not err in excluding venireperson No. 4. The judgment of the trial court is affirmed.

## OPINION ON REHEARING OF OPINION ON REMAND

While we address the State's additional issues raised in their motion for rehearing, our opinion of January 4, 1996 stands unchanged.

Watson appealed his original conviction in ten points of error. We affirmed. Watson's petition for discretionary review was granted, the Court of Criminal Appeals vacated our original opinion, and remanded the case to this court on a single issue. We affirmed. The State now raises four issues to this court in a motion for rehearing.

■ The State argues that this court's "opinion is in error because it fails to address the State's contention that Appellant's complaint does not present a cognizable cause for appellate review under TEX.R.CRIM.EVID. 103(a)." The State notes first that Watson has no right to select any particular juror for his panel, but only has the right to exclude some unwanted jurors. *See Rousseau v. State*, 855 S.W.2d 666, 676 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). We agree. It then argues that because Watson has no right to select a particular juror, "There should be no dispute that admission of the document during voir dire did not affect any 'substantial right' of the Appellant." We do not agree

with this extension of the rule espoused in *Rousseau.*

The fact that a defendant has no right to select a particular juror does not mean that the defendant does not have a substantial right to meaningfully participate in the jury selection process. The logic proposed by the State would allow it to urge disqualification of any juror, with no fear of creating error. Under this theory, the trial courts would be free to disqualify all jurors which the State contended were insane, felons, thieves or under indictment or legal accusation,[1] regardless of whether there was any basis for the disqualification. Moreover, a natural inclination could be for a trial court to "guarantee" a trial by disqualifying jurors on any such allegations, safe in the knowledge that any improper disqualification could not constitute error.

■ Consequently, if we uphold the State's logic, we might de facto provide a prosecutor with unlimited peremptory challenges. Such a holding contradicts a principle espoused by the United States Supreme Court:

> [t]he petit jury has occupied a central position in our system of justice by safeguarding a person accused of crime against the arbitrary exercise of power by prosecutors or judge.

*Batson v. Kentucky*, 476 U.S. 79, 86, 106 S.Ct. 1712, 1717, 90 L.Ed.2d 69, 81 (1986). We thus hold that a defendant has a substantial right in a properly conducted jury selection.

■ Next the State argues that this court erred because "the criminal person case list need not have been admitted for its truth." The State argues that "[t]he case list was not only relevant to prove the veniremember *actually* had a pending theft-by-check charge but also to show the trial court had notice of a possible pending theft-by-check charge," because the trial court would be required to excuse the veniremember even if it only "appears" that the veniremember in question

---

13. *See United States v. Quezada*, 754 F.2d 1190, 1194 (5th Cir.1985); *United States v. Stone*, 604 F.2d 922, 925 (5th Cir.1979).

1. Persons indicted, convicted, or legally accused of theft or any felony, as well as insane persons, are absolutely disqualified from serving on juries. TEX.CODE CRIM.PROC.ANN. art. 35.16(a) 2, 3, & 4, 35.19 (Vernon 1989).

had such a charge pending. The State concludes that the document was not offered for the truth of the matter asserted, but only the appearance of the truth of the matter asserted, and hence it was not hearsay. We disagree.

The "case list" did not assert that there was a "possible" pending theft-by-check charge. The list asserted that a pending theft-by-check charge was outstanding against a person whose identity matched that of veniremember number four. While the trial court is required to disqualify the veniremember if it even appears that one of the disqualifying reasons applies, the trial court must be provided with such a reason. Without the truth of the matter asserted— the reason for disqualifying the veniremember—the document had no relevance.

The State also contends that "[t]he Court's opinion reaches the mistaken conclusion that the Rules of Criminal Evidence apply to a determination of absolute disqualification." We first note that neither the Court of Criminal Appeals' opinion remanding this case, nor either of the briefs on remand raise the issue of whether the rules apply to a determination of absolute disqualification. We then point the State to our Opinion on Remand, where the only related conclusion we reach is "we hold that the Texas Rules of Criminal Evidence apply *to jury voir dire." Watson v. State*, 917 S.W.2d 65, 68 (Tex.App.—Fort Worth 1996) (emphasis added). We based this holding mainly on the rules themselves, which state that they "govern criminal proceedings in courts of Texas except where otherwise provided." Tex.R.Crim.Evid. 101(b).

In its motion, the State argues that the rules should not apply by citing cases which demonstrate that an absolutely disqualified juror must be dismissed.[2] This point was not contested at trial, on appeal, nor on remand. Based on this uncontested point, the State argues "consideration of veniremember [number 4's] statutory qualifications should take precedence over the Rules of Criminal Evidence." We decline to read any of the State's cases as supportive of such a sweeping conclusion. We note again that voir dire is an integral part of the trial of a criminal case. In fact, the code of criminal procedure provides that:

> When no challenge to the array has been made . . . the court shall proceed to *try* the qualifications of those present who have been summoned to serve as jurors.

Tex.Code Crim.Proc.Ann. art. 35.10 (Vernon 1989) (emphasis added).

The State also argues courts should not apply the rules of evidence to the determination of the qualifications for a juror because "the Rules of Evidence do not apply to a trial court's determination of preliminary fact questions. *See* Tex.R.Crim.Evid. 1101(c)(1); *see also* Tex.R.Crim.Evid. 104." The pertinent portion of rule 104 provides:

> Preliminary questions concerning *the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence* shall be determined by the court, subject to the provisions of subdivision (b). [Relevancy conditioned on fact.] In making its determination it is not bound by the rules of evidence except those with respect to privileges.

Tex.R.Crim.Evid. 104(a) (emphasis added). The pertinent portions of rule 1101(c) provides:

> (c) **Rules Inapplicable.** The rules (other than with respect to privileges) do not apply in the following situations:
>
> (1) *Preliminary Questions of Fact.* The determination of questions of fact preliminary to *admissibility of evidence* when the issue is to be determined by the court under Rule 104.

Tex.R.Crim.Evid. 1101(c) (third emphasis added). Finding that the veniremember was not a witness, privilege or evidence, we still find no support for the proposition that the

---

2. *Butler v. State*, 830 S.W.2d 125, 130 (Tex.Crim. App.1992); *Hammond v. State*, 799 S.W.2d 741, 744 (Tex.Crim.App.1990); *Green v. State*, 764 S.W.2d 242, 246 (Tex.Crim.App.1989); *State v. Holloway*, 886 S.W.2d 482, 484–88 (Tex.App.—

Houston [1st Dist.] 1994, pet. ref'd), *cert. denied*, —— U.S. ——, 116 S.Ct. 318, 133 L.Ed.2d 220 (1995); *Ex parte Smith*, 817 S.W.2d 797, 799 (Tex.App.—Amarillo 1991, no pet.).

rules of evidence do not apply to the voir dire process.[3]

Finally, the State contends that "[t]he Court's opinion mistakenly provides that neither party presented 'any caselaw' which indicates whether the Rules of Criminal Evidence apply to the determination of whether a veniremember is absolutely disqualified." Again, we refer the State to our opinion: "[n]either Watson nor the State has provided any caselaw which indicates whether the rules of evidence apply *to jury voir dire.*" *Watson,* No. 02–93–0062–CR, slip op. at 3 (emphasis added). While we agree that the issue of is one of first impression, as we noted above, cases which support the absolute nature of the disqualification of veniremembers do not cause us to conclude that the rules of evidence do not apply to jury voir dire.

On remand, we affirmed the trial court's decision by addressing the issue remanded to us by the Court of Criminal Appeals. Finding no error, we overrule the State's motion for rehearing, and retain our opinion.

---

**3.** The State never raised the issue of whether rules 104 and 1101(c) would apply to the determination of questions of fact preliminary to the admissibility of the evidence (a "criminal persons case list") which was used to exclude the veniremember in question. Because determination of that issue is not required to address every issue necessary to final disposition of this appeal, we will not address it today.