**Terrance LOUGHRY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–95–161–CR.**

Court of Appeals of Texas, Fort Worth.

July 3, 1996.

Robert G. Estrada, Wichita Falls, for appellant.

Adrienne McFarland, Asst. Atty. Gen., Austin, for appellee.

Before LIVINGSTON, BRIGHAM and HOLMAN, JJ.

## OPINION

BRIGHAM, Justice.

Appellant Terrance Loughry challenges his conviction for perjury, a class A misdemeanor. *See* TEX.PENAL CODE ANN. § 37.02 (Vernon 1994). Because we find the trial court abused its discretion with the improper grant for cause of a potential juror, we reverse Loughry's conviction and remand to the trial court for new trial.

Loughry was charged with four counts of making a false statement in filing an application and supporting documents for a place in the Republican party general primary election held on March 8, 1994. The district court transferred the case to the county court at law. Voir dire in County Court at Law No. 2 began on January 24, 1995, and the jury returned its verdict on January 27, 1995. Loughry reached an agreement with the State as to punishment, and he was sentenced to a 180–day jail term, probated for one year. Loughry also agreed to pay a $750 fine.

## POINT OF ERROR ONE

■ In his first point of error, Loughry argues that the trial court erred when it granted the State's challenge for cause of a qualified juror. Loughry contends that there was insufficient proof that venireperson Sparks had been convicted of theft, the basis for the State's challenge to her. We conclude that Loughry's assertion is correct.

During voir dire, the prosecutor told Sparks that criminal histories had been run on "everyone" and then asked Sparks for her birthdate. Upon being told the date, the

prosecutor asked whether Sparks had been convicted of theft in 1975 and sentenced to a ten-day jail term. Sparks said that she had not and then asked whether the information included an incident in Wichita Falls. The prosecutor responded that her records showed an incident in Dallas or Jefferson, and Sparks replied that she had never lived in Dallas or been arrested for theft. The prosecutor verified Sparks's Social Security number, and Sparks admitted to an arrest for domestic assault, but she continued to deny having been convicted of theft.

The prosecutor told the trial court that Sparks's "criminal history is showing she has a finalized theft conviction" and challenged Sparks for cause. The trial court, in an abundance of caution, granted the State's motion. Loughry objected and requested an additional peremptory strike, claiming that Sparks's dismissal would mean that a juror objectionable to the defense would be seated if the State used all its peremptory challenges. Loughry continued to argue that the evidence was insufficient to excuse Sparks:

> [DEFENSE ATTORNEY]: I am just saying we don't believe there is sufficient grounds to excuse [Sparks] because there has been no proof that she was convicted of a theft, she denied it, appeared to be quite credible according to her demeanor when she denied it, and there are records that show up in the State of Texas files, if those are records from the State of Texas, *I don't know what she was being questioned from.* [Emphasis added.]

The prosecutor responded that her motion was "based on the records that I have" and claimed that Sparks "has a final theft conviction, it's the same date of birth, it's the same Social Security number, same name, and it's a final conviction for theft."

Loughry replied that the prosecutor's record was from a county where Sparks denied having lived and claimed that the State had not proved the conviction by bringing in a jail card, fingerprints, photographs, and a "blue back." The prosecutor continued her argument in the earlier vein:

> Judge, the only thing I can say is *based on the evidence that I have before me, that I believe that we have grounds to at least*

> *ask for a strike on cause for her because the—the information we have indicates that she was, in fact, convicted and served time for a theft conviction.* [Emphasis added.]

The trial court retained its original ruling.

▮ A juror is absolutely disqualified if it appears that he has been convicted of theft or any felony. *See* TEX.CODE CRIM.PROC.ANN. arts. 35.16, 35.19 (Vernon 1989 & Supp.1996). We apply the abuse of discretion standard when reviewing a trial court's ruling on an absolute disqualification. *Chambers v. State,* 903 S.W.2d 21, 27 (Tex.Crim.App.1995); *Hammond v. State,* 799 S.W.2d 741, 744–45 (Tex.Crim.App.1990), *cert. denied,* 501 U.S. 1259, 111 S.Ct. 2912, 115 L.Ed.2d 1076 (1991). A trial court's ruling on an absolute disqualification is a question of fact. *Chambers,* 903 S.W.2d at 27; *Hammond,* 799 S.W.2d at 744–45. Where a juror who served on the jury is shown to be absolutely disqualified, a defendant need not show harm for the case to be reversed. *See Thomas v. State,* 796 S.W.2d 196, 199 (Tex.Crim.App. 1990). But, when, as happened here, the State uses all of its peremptory challenges on other venirepersons, the improper grant of a challenge for cause where the juror is not absolutely disqualified in effect grants the State an additional peremptory strike. *See Watson v. State,* 917 S.W.2d 65, 68 (Tex. App.—Fort Worth 1996, pet. filed) (op. on reh'g).

The State argues that the trial court need not be certain that a juror is absolutely disqualified and that there is no abuse of discretion where it simply "appears" that the juror is absolutely disqualified. *Chambers,* 903 S.W.2d at 28. The State contends that where the evidence conflicts, the trial court should not be reversed. In making this argument, the State relies upon both *Chambers* and *Hammond.* Both cases are distinguishable.

In *Chambers,* the venireperson indicated on his juror questionnaire that he had been convicted of four counts of a federal misdemeanor. *Chambers,* 903 S.W.2d at 27. The State produced the venireperson's "NCIC computer printout" showing he had been sen-

tenced to two years in prison and argued that federal law defined a felony as "any offense punishable by imprisonment of more than one year." *Id.* at 27–28. In *Hammond,* a venireperson was excused after a former municipal court supervisor testified and authenticated a notarized letter showing the venireperson's guilty plea to a shoplifting charge. *Hammond,* 799 S.W.2d at 743. The trial court also heard testimony from Robert Lozano, judge of the County Court at Law No. 6 in Bexar County, to interpret docket notations on the venireperson's record. *Id.* at 743–44. Thus, in both *Chambers* and *Hammond,* the trial court had some discernible record from which to make its decision. In this instance, the trial court had nothing more than the prosecutor's reference to "the records that [she had]," a "criminal history ... showing ... a finalized theft conviction," and the "evidence" and "information" the prosecutor had before her. The prosecutor made no attempt to even identify the agency from which she had obtained the information.

■ We disagree with Loughry's contention during voir dire that the State had to prove the conviction through production of jail cards, fingerprints, photographs, and blue backs. We have upheld a challenge for cause where the evidence produced by the State was a "criminal person case list" from the district attorney's office. *See Watson,* 917 S.W.2d at 67. In short, the evidence proffered to indicate that a venireperson may be absolutely disqualified need not *prove* disqualification. But where, as here, a venireperson unequivocally denies a theft or felony conviction and the defendant questions the source of the State's information supporting the challenge for cause, the State must disclose the basis for its information. For a trial court to determine that a venireperson is absolutely disqualified on the basis of indeterminate "records" and "evidence" in the possession of the prosecutor is an abuse of discretion. Point of error one is sustained.

## POINT OF ERROR TWO

Loughry next argues that this case should be remanded to the district court because the county court was without jurisdiction. Loughry contends that he was a public serv-ant as defined by the Texas Penal Code and that his indictment charged him with misconduct stemming from his efforts to obtain signatures on the "petition in lieu of filing fee." *See* TEX.PENAL CODE ANN. § 1.07(41) (Vernon Supp.1996); TEX.ELEC.CODE ANN. § 172.027 (Vernon 1986). He concludes that because his prosecution involves "official misconduct," TEX.PENAL CODE ANN. § 39.02 (Vernon 1994), the district court had exclusive jurisdiction over his prosecution.

■ We need not determine whether Loughry is correct in his determination that he is a public servant and that his prosecution therefore involved official misconduct. He was charged with a misdemeanor offense. A 1985 amendment to Article V, Section 8 of the Texas Constitution granted exclusive jurisdiction to the district courts in all cases except "where exclusive, appellate, or original jurisdiction may be conferred by [the Texas] Constitution or other law on some other court, tribunal, or administrative body." TEX. CONST. art. V, § 8; *Campos v. State,* 783 S.W.2d 7, 8 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). *Campos* stands for the proposition that district courts and county courts have concurrent jurisdiction over misdemeanor offenses involving official oppression. *Campos,* 783 S.W.2d at 8. Regardless of whether Loughry's prosecution embraced official misconduct, the county court had jurisdiction to hear his case. Point of error two is overruled.

## POINT OF ERROR THREE

■ Loughry finally contends that, as applied to him, the statutory scheme upon which he was convicted is void for vagueness. The State alleged that Loughry signed an affidavit stating that he had called attention to and read to the petition signer a statement required by the Election Code. Although he contends that application of the statute "placed a chill on valuable first amendment rights" and cites authority striking state laws which were so vague as to be meaningless, he fails to cite any authority demonstrating that his prosecution under section 37.02 of the Penal Code is unconstitutional. Loughry appears to argue that criminal prosecution for perjury pertaining to the petition affidavit is

unfair when the Election Code provides the remedy of removal of the candidate's name from the ballot. His argument that criminal prosecution is unfair in this circumstance does not demonstrate how this law is unconstitutionally vague. Because Loughry's complaint does not comply with the requirements of TEX.R.APP.P. 74, we find that it is waived. Point of error three is overruled.

The judgment of the trial court is reversed, and this case is remanded for new trial.