Opinion issued January 15, 2004



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00748-CR




MANUEL NETRA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 915655




MEMORANDUM OPINION

          A jury found appellant, Manuel Netra, guilty of aggravated robbery, found the
enhancement allegation in the indictment true, and assessed punishment at
confinement for 65 years. On appeal, appellant contends (1) his conviction is void
because the trial court impaneled “absolutely disqualified” jurors and (2) the evidence
was legally and factually insufficient to convict him of aggravated robbery.
          We affirm.
Facts
          Roy Almendarez, complainant, testified that on February 1, 2002, five men
committed a robbery at the Meyerland Jewelry Store at which he was working as a
sales associate. As the robbers rushed into the jewelry store, one of the robbers
pointed a gun at complainant, ordering him onto the ground. Complainant
acquiesced, as did the other occupants of the store. Once all the store’s occupants
were on the floor, another robber pulled complainant from the ground, jabbed him in
the ribs with what felt like a gun, and ordered him to open the store’s jewelry cases. 
Complainant did as ordered because he feared for his safety. Once the jewelry cases
were opened, three of the robbers emptied the contents of the jewelry cases into a
white bag. Complainant identified appellant as one of the men who participated in
the robbery.
          When Houston Police Officer R. E. Prince arrived at the store, all five of the
robbers fled from the store on foot. Appellant and another robber fled along a bayou
which ran behind the jewelry store. Eventually, appellant was intercepted by Houston
Police Officers J. J. Kuehner and R. F. Nino who pulled their service weapons on
appellant upon seeing the two robbers running along the bayou. Appellant
surrendered to the officers and was promptly arrested. After being arrested, as he sat
in a patrol car, appellant repeatedly made eye contact with and smiled at the other
robbers, whom the police had apprehended as well.
Disqualified Jurors
          In his first point of error, appellant asserts that his conviction is void, because
the trial court empaneled (1) juror Orosco who had been convicted of theft and (2)
juror Collins who had been convicted of receiving stolen property. 
          A juror is absolutely disqualified if the evidence shows that he has been
convicted of a felony or any theft. See Tex. Code. Crim. Proc. Ann. arts. 35.16,
35.19 (Vernon Supp. 2004). A trial court’s ruling on an absolute disqualification is
a question of fact. Loughry v. State, 926 S.W.2d 382, 384 (Tex. App.—Fort Worth
1996, pet. ref’d). Therefore, when reviewing a trial court’s ruling on an absolute
disqualification of a juror, we apply an abuse of discretion standard. Chambers v.
State, 903 S.W.2d 21, 27 (Tex. Crim. App. 1995). A trial court is allowed a great
deal of discretion when ruling on the qualification of a juror. Connally v. State, 696
S.W.2d 432, 434 (Tex. App.—Houston [14th Dist.] 1985, pet. ref’d). 
 
 
 
A.      Juror Orosco
          During voir dire, appellant’s trial counsel asked the following question:
So my question is, has anybody here ever been arrested for or charged
with or convicted of any crime other than a traffic ticket?

In response to this query, Juror Orosco replied that he had been arrested for
misdemeanor theft. Juror Orosco’s response initiated the following exchange:
          [Trial counsel]:      And what happened in your case?
 
          [Orosco]:               Well, its kind of embarrassing. I was in college. I was in
a store, and I left my wallet back home and I took a tomato
and I got caught.
 
          [Trial counsel]:      Were you a juvenile at the time?
 
          [Orosco]:               I don’t recall. I took it serious, but it was so long ago I
don’t really recall.
 
          [Trial counsel]:      Did they just write you a ticket?
 
          [Orosco]:               Maybe so, but I just wanted to be honest.
 
          [Trial counsel]:      They didn’t take you to jail?
 
          [Orosco]:               No. They did take me in there that night, but I got out the
next morning.
 
          [Trial counsel]:      You didn’t get on probation or anything like that?
 
          [Orosco]:               No.


          Although the record indicates that juror Orosco had been arrested for theft, it
is not clear whether he was convicted of the crime. No doubt, a juror’s arrest for theft 
is alone enough to raise a question concerning the juror’s qualification to serve on an
aggravated robbery trial; however, absolute disqualification only results upon a
showing that the juror has been convicted of theft. Appellant has failed to show juror
Orosco was convicted of theft. Based on the record before us, we cannot conclude
that the trial court abused its discretion in failing to dismiss juror Orosco. 
B.      Juror Collins
          When juror Collins was asked if he had been arrested, charged with or
convicted of any crime other than a traffic ticket, the following exchange took place: 
          [Collins]:               Yes. It was theft by receiving. I purchased a phone system
from a young man that was stolen.
 
          [Trial counsel]:      Purchased stolen goods?
          [Collins]:               Uh-huh.
          [Trial Counsel]:     What happened?
          [Collins]:               Deferred adjudication.
          [Trial Counsel]:     Okay. And when was that?
          [Collins]:               About fifteen years ago.
          Although the record indicates that juror Collins received deferred adjudication
for a criminal charge of receiving stolen property, it is not clear what the final
disposition of that case was. There is no evidence in the record indicating that juror 
 
 
Collins was ultimately convicted of the offense. Based on the record before us, we
cannot conclude that the trial court abused its discretion in failing to dismiss juror
Collins. 
          We overrule appellant’s first point of error.
Sufficiency of the Evidence
          In his second and third points of error, appellant contends that the evidence was
legally and factually insufficient to support his conviction because the State failed to
sufficiently show that appellant participated in the robbery.
A.      Standards of Review
          A legal sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152,
155 (Tex. App.—Houston [1st Dist.] 1997, no pet.). We note that, as the exclusive
judges of the facts, the credibility of the witnesses, and the weight to be given their
testimony, the jury may believe or disbelieve all or any part of a witness’ testimony. 
Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981) (opining that “a
jury is entitled to accept one version of the facts and reject another or reject any of a
witness’s testimony”). 
 
 
          In a factual sufficiency review, we examine all of the evidence neutrally and
ask whether proof of guilt is so obviously weak as to undermine confidence in the
jury’s determination or so greatly outweighed by contrary proof as to indicate that a
manifest injustice has occurred. See Zuliani v. State, 97 S.W.3d 589, 593-94 (Tex.
Crim. App. 2003); King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). We
must avoid substituting our judgment for that of the fact finder. King, 29 S.W.3d at
563. The fact finder is the sole judge of the weight and credibility of witness
testimony. Johnson, 23 S.W.3d at 7. In our review, we must consider the most
important evidence that the appellant claims undermines the jury’s verdict. Sims v.
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
B.      Aggravated Robbery
          A person commits the offence of aggravated robbery if that person (1) in the
course of committing theft, (2) with intent to obtain and maintain control of property,
(3) knowingly and intentionally, (4) threatens or places another in fear of imminent
bodily injury or death, and (6) then and there uses or exhibits a deadly weapon. A
person “uses or exhibits a deadly weapon” if he employs the weapon in any manner
that “facilitates the associated felony.” McCain v. State, 22 S.W.3d 497, 502 (Tex.
Crim. App. 2000).
 
 
          Relatedly, under the law of parties, a person is “criminally responsible as a
party to an offense” if the offense is committed “by his own conduct, by the conduct
of another for which he is criminally responsible, or by both.” Tex. Pen. Code Ann.
§ 7.01(a) (Vernon 2003). A person is criminally responsible for an offense
committed by the conduct of another if, acting with intent to promote or assist the
commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the
other person to commit the offense. Tex. Pen. Code Ann. § 7.02(a)(2) (Vernon
2003). Participation in a crime may be inferred from the circumstances and need not
be shown by direct evidence. Beardsley v. State, 738 S.W.2d 681, 685 (Tex. Crim.
App. 1987). In determining whether a person was a participant in an offense, the
court may look to events before, during, and after commission of the offense,
including actions which show an understanding and common design to do a certain
act. Harris v. State, 645 S.W.2d 447, 457-58 (Tex. Crim. App. 1983). While mere
presence of an accused at the scene of an offense is not sufficient in itself to support
a conviction, it is a circumstance tending to prove guilt, which, combined with other
facts, may suffice to show the accused was a participant. Id. at 457. Similarly, while
flight alone will not support a finding of guilt, it is also a circumstance from which
an inference of guilt may be drawn. Tezino v. State, 765 SW.2d 482, 485 (Tex.
App.—Houston [1st Dist.] 1988, pet. ref’d).
 
C.      Legal Sufficiency
          In regard to the legal sufficiency of the evidence, appellant contends that
“nothing points to any individual action by [appellant] that could tempt a rational
finder of fact to find all the elements necessary to sustain conviction for Aggravated
Robbery of [complainant] beyond a reasonable doubt.” This contention is predicated
on the assertion that appellant never threatened or assaulted complainant with a
deadly weapon. Appellant’s argument fails, however, because it does not take into
account the law of parties.
          Complainant testified that five young men entered the jewelry store, ordered
everyone to the ground, and took several thousand dollars of jewelry. Complainant
further testified that one of the young men possessed a gun during the robbery and
used the gun to threaten him. Complainant obeyed the orders of the young men,
because he was afraid that he would be shot if he did not cooperate. Complainant
positively identified appellant as one of the men participating in the robbery. 
Viewing the evidence in the light most favorable to the jury’s verdict, we hold that
a rational jury could have found the evidence sufficient beyond a reasonable doubt
to convict appellant of aggravated robbery.
          We overrule appellant’s third point of error.
 
 
D.      Factual Sufficiency
          In regard to the factual sufficiency of the evidence, appellant contends that the
State failed to present evidence that appellant “ever possessed, exhibited, or displayed
a weapon, deadly or otherwise, in relation to the complainant.” Again, appellant’s
argument fails because it does not take into account the law of parties.
          Complainant testified that he was threatened with a deadly weapon during the
robbery. Furthermore, complainant specifically identified appellant as being present
at and actively participating in the robbery. Relatedly, appellant fled from the store
when the police arrived and he did not surrender until Officers Kuehner and Nino
intercepted his flight and pulled their service weapons on him. Finally, after being
arrested, appellant repeatedly made eye contact with and smiled at the other robbers. 
We conclude that the evidence of guilt was not so obviously weak as to undermine
confidence in the jury’s determination and was not greatly outweighed by contrary
proof.
          We overrule appellant’s second point of error.
 
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.
 

                                                             Laura Carter Higley
                                                             Justice


Panel consists of Chief Justice Radack and Justices Jennings and Higley.

Do not publish. Tex. R. App. P. 47.2(b).