**AFFIRM; and Opinion Filed July 23, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00412-CR**

**JASON ELI VASQUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-54710-M**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Lang-Miers

Appellant Jason Eli Vasquez appeals his conviction for murder. After appellant pleaded guilty, a jury assessed his punishment at seventy years' imprisonment. In one issue on appeal, appellant argues that the trial court erred in excusing a prospective juror for cause. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

### BACKGROUND

During voir dire examination, the following exchange took place:

The Court: [Prospective juror], how are you, we brought you back in here because I have information that suggests that a person with the name of [prospective juror] was convicted of several theft cases?

Prospective Juror: No.

The Court: Theft by check?

Prospective Juror: No.

The Court: Your date of birth June 1, 1959?

Prospective Juror: Yes, I have never been convicted of a check case.

The Court: Any questions from the State?

[Defense Attorney]: No questions.

[Prosecuting Attorney]: No questions, Your Honor, I believe the juror is qualified.

The Court: The dates I have are '91 for one case and 1987 for the other case?

Prospective Juror: Ninety-one, and '87, I haven't been convicted of anything, so . . .

The Court: Have you been charged with?

Prospective Juror: Eighty-seven, 91.

The Court: I actually show three cases, one was dismissed and two shows that you pled guilty to it?

Prospective Juror: No, I have never pled guilty to a check case. I had in '97 there may have been, you know, where I had written a check, but that was taken care of. But I never had to do court or never any convictions, never any pleading guilty, no contest or anything of that nature.

The Court: Any questions from the State?

[Prosecuting Attorney]: Can you just state your name for the record?

Prospective Juror: [Stated name.]

The Court: Mr. Jamison, any questions.

[Defense Attorney]: No questions, Your Honor. I believe she is qualified.

The Court: You may step outside, ma'am.

[Prosecuting Attorney]: Thank you, ma'am.

Judge we would resubmit that her name and date of birth match. That she does remember having a theft by check case in '87 [sic], which matches up with some, we believe she is one and the same as the person convicted.

The Court: Any response?

[Defense Attorney]: We would oppose that, Your Honor. I mean—

The Court: I am going to grant the State's strike on the basis that the juror did say that she did have a theft case and that it was taken care of.

[Prosecuting Attorney]: And you said State's strike.

The Court: For cause.

[Defense Attorney]: It is my understanding that she had a check case.

The Court: That's what she has here, theft by check.

After the completion of voir dire, the State and the defense used all of their peremptory challenges on other venirepersons.

### APPLICABLE LAW AND STANDARD OF REVIEW

When it appears that a juror has been convicted of misdemeanor theft or a felony, the juror is absolutely disqualified. TEX. CODE CRIM. PROC. ANN. arts. 35.16(a)(2), 35.19 (West 2006); *Loughry v. State*, 926 S.W.2d 382, 384 (Tex. App.—Fort Worth 1996, pet. ref'd). We review a trial court's ruling on an absolute disqualification for an abuse of discretion. *Chambers v. State*, 903 S.W.2d 21, 27 (Tex. Crim. App. 1995). A trial court's ruling on an absolute disqualification is a question of fact. *Id.*

### ANALYSIS

Appellant argues that the trial court erred because the trial court excused the prospective juror for cause based upon "unidentified information" in the court's possession that a person with the same name and birth date as the prospective juror had previous convictions for theft by check. Appellant contends that "this Court should follow the logic and holding of *Loughry*[,]"

926 S.W.2d at 383–85, and conclude that the trial court abused its discretion in excusing the prospective juror for cause. In *Loughry*, a prospective juror denied that she had been convicted of theft. *Id.* at 384. But the State claimed that it had records showing that a person with her name, birth date, and social security number had a theft conviction and challenged the prospective juror for cause. *Id.* at 383–84. The trial court granted the State's motion over the defense's objection. *Id.* at 384. On appeal, the court held that the trial court had abused its discretion by improperly granting the State's challenge for cause of the prospective juror. *Id.* at 383, 385. The court of appeals concluded:

> [W]here, as here, a venireperson unequivocally denies a theft or felony conviction and the defendant questions the source of the State's information supporting the challenge for cause, the State must disclose the basis for its information. For a trial court to determine that a venireperson is absolutely disqualified on the basis of indeterminate "records" and "evidence" in the possession of the prosecutor is an abuse of discretion.

*Id.* at 385.

Appellant recognizes that this case differs from *Loughry* because the trial court, rather than the prosecution, possessed the information concerning the previous convictions, but contends that "this appears to be a distinction without a difference." Appellant argues that, "without knowing the source of the information[,]" it was impossible for the defense to determine the reliability of the information that the trial court possessed at the time the trial court excused the prospective juror for cause and it is impossible for this Court to determine the reliability of the information on appeal. Appellant also argues that it is impossible to determine whether the information the trial court possessed was more reliable than the "repeated testimony, under oath" of the prospective juror—whose name was "hardly an uncommon name"—that she had no criminal convictions.

–4–

The State argues that this case is distinguishable from *Loughry* because, here, (1) the trial court, and not the State, possessed the records indicating the prospective juror's previous convictions, (2) appellant never challenged the records that the trial court possessed or requested their disclosure, and (3) the prospective juror "admitted to having a prior theft by check case that had been 'taken care of.'"

We agree with the State that this case is distinguishable from *Loughry*. Here, the prospective juror's response that "in '97 there may have been, you know, where I had written a check, but that was taken care of" did not constitute an unequivocal denial that she had been convicted of theft. Although she asserted that she "never had to do court or never any convictions, never any pleading guilty, no contest or anything of that nature[,]" it was not clear how the situation where she had "written a check" had been "taken care of." In addition, appellant did not question the source of the information that indicated that the prospective juror had theft convictions as the defendant did in *Loughry*. And the *Loughry* court concluded that the trial court abused its discretion when the trial court based its determination on "indeterminate 'records' and 'evidence' in the possession of the prosecutor[,]" which is not the case here where the trial court possessed the records and evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 35.21 (West 2006) ("The court is the judge, after proper examination, of the qualifications of a juror, and shall decide all challenges without delay and without argument thereupon.")

We conclude that the trial court did not abuse its discretion in excusing the prospective juror for cause and resolve appellant's sole issue against him.

**CONCLUSION**

We resolve appellant's sole issue against him and affirm the trial court's judgment.


_/Elizabeth Lang-Miers/_
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47

120412F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JASON ELI VASQUEZ, Appellant

No. 05-12-00412-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-54710-M.
Opinion delivered by Justice Lang-Miers,
Justices Moseley and Bridges participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 23rd day of July, 2013.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE