**Opinion issued December 15, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00752-CR

————————————

**JERROD P. ROLAND, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court at Law No. 6**
**Fort Bend County, Texas**
**Trial Court Case No. 13-CCR-168560**

---

## O P I N I O N

Appellant, Jerrod P. Roland, pleaded no contest to official oppression, a Class A misdemeanor. The trial court placed Roland on deferred adjudication community supervision for six months. On appeal, he contends that the trial court lacked jurisdiction over his case and the judgment of conviction is void.

We vacate and dismiss the trial court's judgment.

## Background

Roland worked at the Fort Bend County Juvenile Probation Department as a drill instructor. The complaint alleged that Roland assaulted two juveniles he supervised. The State charged Roland by information with two counts of the Class A misdemeanor offense of official oppression in Fort Bend County Court at Law No. 4.[1] *See* TEX. PENAL CODE § 39.03(a); (d). The information alleged that Roland, on or about May 26, 2013:

### Count I

then and there intentionally subject [Complainant #1] to mistreatment that [Roland] knew was unlawful, to-wit: hitting or slapping [Complainant #1], and [Roland] was then and there acting under color of his employment as drill instructor with the Fort Bend County Juvenile Probation Department.

### Count II

then and there intentionally subject [Complainant #2] to mistreatment that [Roland] knew was unlawful, to-wit: pushing [Complainant #2], and [Roland] was then and there acting under color of his employment as drill instructor with the Fort Bend County Juvenile Probation Department.

County Court at Law Number 4 transferred the case to County Court at Law Number 5, and the State moved to transfer jurisdiction to the district court, asserting that the

---

[1] Cause number 13-CCR-168560 was assigned to this case.

"proper court of jurisdiction for a charge of official oppression is the Criminal District Court." The trial court set the matter for hearing, but the State passed.

In October 2016, the Fort Bend County District Attorney presented this case to a grand jury, and Roland was indicted on the misdemeanor charges. The district court presided over the indicted charges.[2] The county court at law placed the charges brought by information on hold.[3] Roland moved to dismiss the district court case on statute of limitations, and the district court granted the motion. The State did not appeal the district court's ruling.

Roland filed an amended motion to dismiss the pending charges in the county court, challenging the county court's jurisdiction. He asserted that the county court lacked jurisdiction because only district courts have original jurisdiction over official-oppression cases. In response, the State argued that district courts and county courts have concurrent jurisdiction over official-oppression cases.

---

[2] The district court assigned cause number 16-DCR-75581 to this case. The allegations in the indictment in the district court case mirrored those in the county court case, except the indictment included tolling language:

> And it is further presented in and to said court that during a period from July 2, 2013 until October 24, 2016 an information charging the above offense was pending in a court of competent jurisdiction, to wit: cause number 13-CCR-168560 in the County Court at Law Number 5 of Fort Bend County, Texas, styled the State of Texas vs. Jerrod P. Roland.

[3] By this time, County Court at Law Number 5 had transferred the case to County Court at Law Number 6.

The trial court denied Roland's motion to dismiss. The same day, Roland pleaded no contest to the official-oppression charges, and the trial court placed Roland on deferred adjudication community supervision for six months. Roland appealed.

## Jurisdiction

In his sole issue, Roland contends that his conviction is void. He argues that the county court at law lacked subject-matter jurisdiction over his case because the district court, not the county court at law, had sole jurisdiction to hear an official-oppression case.[4] The State responds that district courts and county courts have concurrent original jurisdiction over misdemeanor offenses involving official misconduct.

Subject-matter jurisdiction is the trial court's power over the subject matter of the case. *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981). A party may challenge the jurisdiction at any time. *Puente v. State*, 71 S.W.3d 340, 343 (Tex. Crim. App. 2002). A judgment of conviction is void if the trial court lacks subject-matter jurisdiction. *Ex parte Moss*, 446 S.W.3d 786, 789 (Tex. Crim. App. 2014). "Whether a trial court has subject-matter jurisdiction is a question of law that we

---

[4] Roland also argues that the trial court's judgment was void because the statute of limitations had expired. Because the issue of jurisdiction disposes of the appeal, we do not reach Roland's limitations challenge.

review de novo." *Comunidad Corp. v. State*, 445 S.W.3d 401, 404 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

To determine whether a court has jurisdiction, we review the Texas Constitution or applicable statutes granting the court its jurisdiction. *See Gallagher v. State*, 690 S.W.2d 587, 594 (Tex. Crim. App. 1985) (en banc) ("Where jurisdiction is given by the Constitution over cases involving designated kinds of subject matters, the grant is exclusive, unless a contrary intent is shown by the context. Further, it has been stated that the jurisdiction of the district court is fixed by the state Constitution and is immutable except by constitutional method of amendment").

Generally, county courts at law have exclusive original jurisdiction over misdemeanor offenses. *See* TEX. GOV'T CODE § 26.045(a); *see also* TEX. CONST. art. V, §§ 16–17. The exception to this general rule, however, is that county courts at law do not have exclusive original jurisdiction over misdemeanors involving official misconduct and offenses punishable by a fine of $500 or less. TEX. GOV'T CODE § 26.045(a). Article 4.05 of the Texas Code of Criminal Procedure confers original jurisdiction of proceedings of all misdemeanors involving official misconduct to district courts and criminal district courts. *See* TEX. CODE CRIM. PROC. art. 4.05.

A defendant commits official oppression if the State proves beyond a reasonable doubt that a "public servant acting under color of his office or employment . . . intentionally subjects another to mistreatment or to arrest, detention,

5

search, seizure, dispossession, assessment, or lien that he knows is unlawful." TEX. PENAL CODE § 39.03(a)(1). Absent exceptions inapplicable here, official oppression is a Class A misdemeanor. *Id*. § 39.03(d). The penalty for this offense is a fine of up to $4,000, confinement in jail for up to one year, or both. *Id*. § 12.21.

Here, the State charged Roland with two counts of official oppression. These charges remained pending until the trial court denied Roland's amended motion to dismiss and entered a judgment of conviction against Roland following his no-contest plea.

The Texas Court of Criminal Appeals provided a non-exhaustive list of rare circumstances that renders a judgment for conviction for a crime void:

> (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) *the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law*, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of *Gideon v. Wainwright*.[5]

*Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001) (emphasis added), *abrogated on other grounds by Wright v. State*, 506 S.W.3d 478 (Tex. Crim. App. 2016). The precedent of the Court of Criminal Appeals is binding on this court. *See*

---

[5]     372 U.S. 335 (1963).

*State ex rel. Wilson v. Briggs*, 171 Tex. Crim. 479, 482, 351 S.W.2d 892, 894 (1961) ("The Court of Criminal Appeals is the court of last resort in this [S]tate in criminal matters. This being so, no other court of this state has authority to overrule or circumvent its decisions, or disobey its mandates."); TEX. CONST. art. V, § 5(a) (Court of Criminal Appeals is final authority for criminal law in Texas); *Farris v. State*, 581 S.W.3d 920, 924 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd) ("[W]e, as an intermediate appellate court, are bound in criminal cases to follow the decisions of the Court of Criminal Appeals").

Official oppression is a subcategory of misdemeanors involving official misconduct. *See Emerson v. State*, 662 S.W.2d 92, 94 (Tex. App.—Houston [1st Dist.] 1983), *aff'd*, 727 S.W.2d 267 (Tex. Crim. App. 1987) (official oppression "is within the ambit of the phrase 'official misconduct' as that term is used in the State Constitution and the Code of Criminal Procedure"). A conviction for official oppression in a county court at law is void. *See Gallagher*, 690 S.W.2d at 593–94; *Nix*, 65 S.W.3d at 667–68; TEX. CODE CRIM. PROC. art. 4.05.

The State argues that *Campos v. State*, 783 S.W.2d 7 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd), holds that district courts and county courts have concurrent jurisdiction over misdemeanor official-oppression cases. In *Campos*, the court determined that article 4.07 of the Code of Criminal Procedure—the authority granting county courts at law jurisdiction over all misdemeanors—was an

7

"exception to the exclusive jurisdiction of the district courts." *Id*. at 8. However, our sister court clarified its earlier decision and explained that "the statement in *Campos* that article 4.07 provided county courts at law jurisdiction over all misdemeanors amounts to an obiter dictum and so does not bind this court." *Dailing v. State*, 546 S.W.3d 438, 450 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing *Garrett v. State*, 377 S.W.3d 697, 704 n.27 (Tex. Crim. App. 2012)). Neither the Code of Criminal Procedure nor the Government Code grants original jurisdiction over misdemeanors involving official misconduct to county courts at law. *Cf.* TEX. CODE CRIM. PROC. art. 4.05; TEX. GOV'T CODE § 26.045(a).

We therefore hold that the county court at law lacked jurisdiction to enter a judgment of conviction for official oppression against Roland. *See, e.g.*, *Gallagher*, 690 S.W.2d at 594 (county criminal court at law lacked jurisdiction to try official-oppression case); *Emerson*, 662 S.W.2d at 94 (jurisdiction for official-oppression proceedings lies in district courts); *Rendon v. State*, 695 S.W.2d 1, 6 (Tex. App.—Corpus Christi 1984, pet. ref'd) (op. on reh'g.) (applying *Emerson* and holding that county court at law lacked jurisdiction over official-oppression prosecution).

## Conclusion

We vacate and dismiss the judgment of the trial court.

Sarah Beth Landau
Justice

Panel consists of Justices Keyes, Lloyd, and Landau.

Publish.  TEX. R. APP. P. 47.2(b).