Kem Thompson Frost, Chief Justice
Appellant Amanda Dailing challenges her conviction for driving while intoxicated *442 on the grounds that the trial court lacked jurisdiction over her case. In her first issue, appellant contends that the statutes purporting to grant jurisdiction to the statutory county courts over misdemeanor driving-while-intoxicated cases violate the Texas Constitution. In the alternative, appellant contends that under the proper interpretation of the applicable statutes, statutory county courts lack original jurisdiction over most Class A and Class B misdemeanors, including all driving-while-intoxicated cases. Appellant contends that Harris County's sixteen county criminal courts at law have no original jurisdiction over most Class A and Class B misdemeanors, and that the Texas Legislature has vested exclusive original jurisdiction over these misdemeanors in Harris County's constitutional county court, presided over by the County Judge of Harris County. In section II.A. of this opinion, we conclude that the Texas Constitution authorized the Texas Legislature to pass statutes granting the statutory county courts jurisdiction over misdemeanor driving-while-intoxicated cases and that the Texas Legislature exercised this authority by enacting statutes that give statutory county courts jurisdiction over these cases. Thus, the trial court had jurisdiction over today's case. Section II.A. is a unanimous opinion of the court.
The panel is divided on appellant's second issue, in which appellant contends that the trial court erred in assessing a court cost under article 102.018(a) of the Texas Code of Criminal Procedure. A majority of the court, in an opinion authored by Justice Donovan and joined by Justice Wise, concludes that the trial court did not err in assessing this cost, and affirms the trial court's judgment. Chief Justice Frost, in section II.B. of this opinion, dissents and would hold that because the plain text of article 102.018(a) does not support imposing the court cost in this case, the court should reform the judgment to delete the $15 court cost assessed under article 102.018(a) and affirm the judgment as reformed.
I. FACTUAL AND PROCEDURAL BACKGROUND
Deputy Eric Fredrick saw appellant speeding and decided to conduct a traffic stop. When Deputy Fredrick approached appellant, he noticed the odor of an alcoholic beverage coming from her person and coming from her vehicle. In response to questioning, appellant stated that she just had left a local bar, where she had consumed a few drinks. Deputy Fredrick conducted field sobriety tests and, as a result of appellant's performance on the tests, Deputy Fredrick arrested appellant for driving while intoxicated.
Appellant refused to provide a sample of her breath or blood, so Deputy Fredrick obtained a warrant for a blood sample. Appellant's blood-alcohol concentration registered .184.
The State filed a complaint charging appellant with driving while intoxicated. Appellant pleaded "not guilty." Appellant's case was tried to a jury in Harris County Criminal Court at Law No. 8. The jury found appellant guilty as charged. The trial court assessed punishment at 180 days' confinement and a $200 fine. The trial court suspended the sentence and placed appellant on community supervision.
II. ISSUES AND ANALYSIS
Appellant contends that the trial court-County Criminal Court at Law No. 8-lacked jurisdiction over her case because the Texas Constitution and Texas statutes vest exclusive jurisdiction over misdemeanor driving-while-intoxicated cases in Harris County's constitutional county court. Appellant contends that the statutes purporting to vest jurisdiction over criminal *443 cases in the statutory county courts violate the state's constitution. Alternatively, appellant asserts that Texas statutes do not vest jurisdiction over misdemeanor driving-while-intoxicated cases in the statutory county courts.
A. Did the trial court have jurisdiction?
1. Standards of Review
Although appellant did not raise the issue of the trial court's subject-matter jurisdiction below, appellant may challenge the trial court's subject-matter jurisdiction for the first time on appeal. See Gallagher v. State , 690 S.W.2d 587, 588 (Tex. Crim. App. 1985). We review de novo a challenge to the constitutionality of a statute. Vandyke v. State , No. PD-0238-16, 538 S.W.3d 561, 570-71, 2017 WL 6505800, at *5 (Tex. Crim. App. Dec. 20, 2017). We afford great deference to the Legislature and presume that the statute is constitutional and that the Legislature has not acted unreasonably or arbitrarily. Id. The party challenging the statute bears the burden of establishing the statute is unconstitutional. Id.
Statutory interpretation presents a question of law that we review de novo. Bays v. State , 396 S.W.3d 580, 584 (Tex. Crim. App. 2013). In interpreting statutes, we seek to effectuate the Legislature's collective intent, and we presume that the Legislature intended for the entire statutory scheme to be effective. Id. When we interpret a statute, our constitutional duty is to determine and give effect to the apparent intent of the legislators who voted for it. Vandyke , 538 S.W.3d at 569-70, 2017 WL 6505800, at *4. In determining apparent legislative intent, we focus on the text of the statute and discern how ordinary legislators would have understood the text. See itation index="9" url="https://cite.case.law/citations/?q=2017%20WL%206505800">id. We determine the plain meaning of a statute by construing its literal text according to the rules of grammar and common usage. Baird v. State , 398 S.W.3d 220, 228 (Tex. Crim. App. 2013). We presume that the Legislature meant every word to serve a discrete purpose that should be given effect. Id. We are not empowered to substitute what we believe is right or fair for what the Legislature has written. See Vandyke , 538 S.W.3d at 569-70, 2017 WL 6505800, at *4.
If two statutes apply to an issue, courts should construe the statutes, if possible, to give effect to each statute. See Mayo v. State , 4 S.W.3d 9, 11 (Tex. Crim. App. 1999). If the statutes irreconcilably conflict and one statute is a general provision and the other is more specific, the specific statute prevails as an exception to the general provision, unless (1) the Legislature enacted the general provision later than the specific statute; and (2) the Legislature manifestly intended that the general provision prevail. See Tex. Gov't. Code Ann. § 311.026 (West, Westlaw through 2017 1st C.S.); Mayo , 4 S.W.3d at 11 ; Cantu v. State , 842 S.W.2d 667, 685 n.13 (Tex. Crim. App. 1992). If two statutes are irreconcilable and neither statute is more specific than the other, the later-enacted statute prevails. See Tex. Gov't. Code Ann. § 311.025 (West, Westlaw through 2017 1st C.S.); Graphic Packaging Corp. v. Hegar , No. 15-0669, 538 S.W.3d 89, 97-98, 2017 WL 6544951, at *5 (Tex. Dec. 22, 2017).
2. Constitutional Analysis
a. Applicable Constitutional Provisions
A trial court has subject-matter jurisdiction over a criminal case if the Texas Constitution and statutes grant the trial court authority over the case and the State invokes the grant of authority in its pleadings. See Trejo v. State , 280 S.W.3d 258, 260 (Tex. Crim. App. 2009). Article V, section 1 of the Texas Constitution states:
*444 The judicial power of this State shall be vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law.
The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto.
Tex. Const. Art. V, § 1. Through this provision, the people of Texas have distributed judicial power among several defined courts and "other courts" that the Legislature may deem necessary. Sanchez v. State , 365 S.W.3d 681, 684 (Tex. Crim. App. 2012). The "other courts" created by the Legislature are known as statutory courts. Id. One type of statutory court is the statutory county court, which includes county courts at law as well county criminal courts at law such as the trial court in today's case. See Sanchez , 365 S.W.3d at 685. In article V, section 1 the people delegate to the Legislature the power to establish the jurisdiction of the statutory county courts. Tex. Const. art. V, § 1 ; Sanchez , 365 S.W.3d at 685 ; Burke v. State , 915 S.W.2d 551, 552 n.1 & 553 (Tex. App.-Houston [14th Dist.] 1995, pet. ref'd).
Article V, section 16 of the Texas Constitution provides for county courts. Tex. Const. art. V, § 16. Article V, section 16, states: "The County Court has jurisdiction as provided by law." Id. "County Courts" established under article V, section 16 often are referred to as constitutional county courts because the people create these courts in the Texas Constitution; whereas the Texas Legislature creates statutory county courts through the enactment of legislation. See In re Marriage of Skarda , 345 S.W.3d 665, 669 (Tex. App.-Amarillo 2011, no pet.). The County Judge presides over the constitutional county court. Tex. Const. art. V, § 16. Whenever a statute refers to "county courts," courts should determine at the threshold whether this term refers to statutory county courts, constitutional county courts, or both.
b. Statutes Granting the Statutory County Court Jurisdiction
In chapter 25 of the Government Code, the Legislature establishes jurisdiction for statutory county courts. Section 25.0003, entitled "Jurisdiction," states:
(a) A statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts.
(b) A statutory county court does not have jurisdiction over causes and proceedings concerning roads, bridges, and public highways and the general administration of county business that is within the jurisdiction of the commissioners court of each county.
(c) In addition to other jurisdiction provided by law, a statutory county court exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court has concurrent jurisdiction with the district court in:
(1) civil cases in which the matter in controversy exceeds $500 but does not exceed $200,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the face of the petition; and
(2) appeals of final rulings and decisions of the division of workers' compensation of the Texas Department of Insurance regarding workers' compensation *445 claims, regardless of the amount in controversy.
(d) Except as provided by Subsection (e), a statutory county court has, concurrent with the county court, the probate jurisdiction provided by general law for county courts.
(e) In a county that has a statutory probate court, a statutory probate court is the only county court created by statute with probate jurisdiction.
(f) A statutory county court does not have the jurisdiction of a statutory probate court granted statutory probate courts by the Estates Code.
Tex. Gov't Code Ann. § 25.0003 (West, Westlaw through 2017 1st C.S.).[1] The term "county courts" as used in this statute refers to the constitutional county courts. See Ex parte Schmidt , 109 S.W.3d 480, 482 (Tex. Crim. App. 2003). In Chapter 26 of the Government Code, the Legislature outlines the contours of constitutional county court jurisdiction. Section 26.045, entitled "Original Criminal Jurisdiction," reads: "(a) Except as provided in Subsection (c), a county court has exclusive original jurisdiction of misdemeanors other than misdemeanors involving official misconduct and cases in which the highest fine that may be imposed is $500 or less." Tex. Gov't Code Ann. § 26.045(a) (emphasis added).[2] For ease of reference, in this opinion "Most Misdemeanors" means misdemeanors other than (1) misdemeanors involving official misconduct and (2) misdemeanors for which the highest fine that may be imposed is $500 or less.
In subchapter C of Government Code chapter 25, the Legislature sets forth specific provisions regarding the jurisdiction of statutory county courts in certain counties, and some of these provisions differ from the general jurisdictional scheme. See Tex. Gov't Code Ann. § 25.0041, et seq. (West, Westlaw through 2017 1st C.S.). Section 25.1033 of the Texas Government Code, entitled "Harris County Criminal Court At Law Provisions," states:
A county criminal court at law in Harris County has the criminal jurisdiction provided by law for county courts, concurrent jurisdiction with civil statutory county courts for Harris County to hear appeals of the suspension of a driver's license and original proceedings regarding occupational driver's licenses, and appellate jurisdiction in appeals of criminal cases from justice courts and municipal courts in the county.
Tex. Gov't Code Ann. § 25.1033 (West, Westlaw through 2017 1st C.S.).[3]
Article 4.17, entitled "Transfer of certain misdemeanors," provides:
On a plea of not guilty to a misdemeanor offense punishable by confinement in jail, entered in a county court of a judge who is not a licensed attorney, on the motion of the state or the defendant, the judge may transfer the case to a district court having jurisdiction in the county or to a county court at law in the county presided over by a judge who is a licensed attorney. The judge may make the transfer on his own motion.
Tex. Code Crim. Proc. Ann. art. 4.17 (West, Westlaw through 2017 1st C.S.). This statute applies to all misdemeanors punishable by confinement in jail, and thus *446 applies to all Class A and Class B misdemeanors, including the driving-while-intoxicated offense of which appellant was convicted in this case. See itation index="34" url="https://cite.case.law/citations/?q=Tex.%20Code%20Ann.%20%C2%A7%2025.1033">id. ; Tex. Pen. Code Ann. §§ 12.21, 12.22, 49.04 (West, Westlaw through 2017 1st C.S.). In this statute the Texas Legislature allows a constitutional county court judge who does not possess a law license to transfer a case involving such a misdemeanor to a county court at law presided over by a judge who is a licensed attorney. Tex. Code Crim. Proc. Ann. art. 4.17. This statute indicates that, at least as to misdemeanors falling within its scope, county courts at law have jurisdiction over these misdemeanors and that constitutional county courts do not have exclusive original jurisdiction. See ion index="36" url="https://cite.case.law/citations/?q=Tex.%20Code%20Ann.%20%C2%A7%C2%A7%2012.21">id.
Appellant argues that two different courts cannot each exercise exclusive original jurisdiction over the same subject matter because the term "exclusive" requires that only one court have jurisdiction over that subject matter. Thus, appellant argues, section 26.045(a) 's grant to constitutional county courts of exclusive original jurisdiction over Most Misdemeanors conflicts with the grant to statutory county courts in sections 25.0003(a) of the same criminal jurisdiction exercised by constitutional county courts. As to the criminal jurisdiction of Harris County criminal courts at law, the language of section 25.1033 closely resembles the language of section 25.0003(a), and appellant argues that the same conflict exists between section 26.045(a) and section 25.1033. Appellant asserts that these conflicting statutes can be harmonized by construing section 26.045(a) to give constitutional county courts exclusive original jurisdiction over Most Misdemeanors and by construing section 25.0003(a) to give the statutory county courts the same jurisdiction as constitutional county courts over civil and criminal proceedings, except that the statutory county courts have no original jurisdiction over Most Misdemeanors. Similarly, appellant appears to argue that section 26.045(a) and section 25.1033 can be harmonized by construing section 26.045(a) to give the Harris County constitutional county court exclusive original jurisdiction over Most Misdemeanors and by construing section 25.1033 to give the Harris County criminal courts at law the jurisdiction stated in section 25.1033(a), except that the Harris County criminal courts at law have no original jurisdiction over Most Misdemeanors. The State argues that this court should harmonize these statutes by concluding that the constitutional county courts and the statutory county courts have concurrent jurisdiction over Most Misdemeanors.
c. Constitutional Arguments
Appellant asserts that because sections 25.0003 and 25.1033 conflict with section 26.045, sections 25.0003 and 25.1033 violate the Texas Constitution. Appellant argues that the combined effect of article V, section 16 of the Texas Constitution and section 26.045 is a constitutional grant to the constitutional county courts of exclusive original jurisdiction over Most Misdemeanors. According to appellant, because article V, section 16 of the Texas Constitution and section 26.045 combine to provide a constitutional grant of exclusive original jurisdiction over Most Misdemeanors, any statute purporting to divest the constitutional grant of exclusive jurisdiction violates the constitution.
No provision of the Texas Constitution describes the subject-matter jurisdiction of the constitutional county courts. In our state constitution, the people delegate the articulation of this jurisdiction to the Texas Legislature. Tex. Const. art. V, § 16. Even if, under the proper construction of all statutes relating to the jurisdiction of the constitutional county *447 courts, these courts have exclusive original jurisdiction over Most Misdemeanors, this jurisdiction would be prescribed by statute, not by the Texas Constitution. Appellant has not cited any authority holding that when the Legislature acts under the authority vested in the Texas Constitution, the legislation attains constitutional status. We have found no authority supporting this proposition. Further, it would undermine the people's constitutional grant of authority to the Legislature to promulgate statutes if statutes promulgated under constitutional authority gained constitutional status.
If statutes governing jurisdiction became imbued with constitutional authority, then the Legislature could not revise statutes governing jurisdiction without a constitutional amendment. See Tex. Const. art. XVII, § 1. Requiring a constitutional amendment to revise jurisdiction would render meaningless article V, section 1 's provision giving the Legislature authority to establish courts "it may deem necessary and prescribe the jurisdiction and organization thereof" because the Legislature would need to go through the process of amending the Texas Constitution to prescribe jurisdiction. See Tex. Const. art. V, § 1 ; Tex. Const. art. XVII, § 1. In article V, section 1, the people explicitly grant the Legislature authority to "conform the jurisdiction of the district and other inferior courts thereto." Id. Article V, section 16 's grant of authority to the Legislature to determine the jurisdiction of the constitutional county courts means that the Legislature is free to revise Government Code section 26.045 -and other statutes setting out the jurisdiction of various courts-without meeting the higher standards necessary to amend the Texas Constitution. See Tex. Const. art. V., § 1 ; Tex. Const. art. XVII, § 1. The Texas Constitution authorized the Legislature to promulgate all three statutes- section 26.045, section 25.0003, and section 25.1033. See Tex. Const. art. V, § 1 ; Tex. Const. art. V, § 16.
Citing Reasonover v. Reasonover , appellant notes that the Legislature cannot deprive the district court of its constitutionally mandated jurisdiction. In Reasonover , the Supreme Court of Texas held that the Legislature cannot take away from the district court jurisdiction given to the district court in the Texas Constitution. See Reasonover v. Reasonover , 122 Tex. 512, 58 S.W.2d 817, 819 (1933). In Reasonover , the supreme court noted that the version of article V then in effect granted district courts exclusive jurisdiction over many types of cases. See id. The supreme court held that the Legislature could not remove from the district court's jurisdiction the types of cases mentioned in the constitution, but the Reasonover court stated that the Legislature could take away from the exclusive nature of the district court's jurisdiction and share that jurisdiction with other courts. See id. Reasonover stands for the proposition that the Legislature must not strip courts of their jurisdiction over subject matters listed in the Texas Constitution, but this case does not support the notion that a statutory grant of jurisdiction under authority granted in the constitution takes on the status of constitutionally mandated jurisdiction. See ids="2304240,10258882" index="42" url="https://cite.case.law/sw2d/58/817/">id. We hold it does not.
Though the Texas Constitution prescribes the jurisdiction of district courts, it does not prescribe the jurisdiction of the constitutional county courts. See Tex. Const. Art. V, § 16. Instead, the constitution imbues the constitutional county courts with the jurisdiction as determined by the Legislature. See id. This distinction is critical. The Reasonover court's conclusion that the Legislature could not deprive the district court of its jurisdiction hinged on the constitution's mandate that the district *448 court had jurisdiction over certain types of cases. See Reasonover , 58 S.W.2d at 819. Appellant cites several other cases with similar holdings but they are not on point because in those cases the court held that a statute violated the text of the constitution itself.
None of the statutes relating to the jurisdiction of constitutional county courts and statutory county courts conflicts with Texas Constitution article V, section 16, which provides for constitutional county courts and authorizes the Legislature to determine their jurisdiction. See Tex. Const. art. V, § 16.
3. Statutory Interpretation
Appellant asserts in the alternative that if Government Code sections 25.0003 and 25.1033 do not violate the Texas Constitution, the Legislature has not provided statutory county courts in general or the Harris County criminal courts at law with jurisdiction over Most Misdemeanors, including driving-while-intoxicated offenses.
a. Statutes Governing Jurisdiction
i. Section 26.045
The Legislature has enacted many statutes establishing the jurisdiction of the statutory county courts and the constitutional county courts. Section 26.045 reads: "(a) Except as provided by Subsection (c), a county court has exclusive original jurisdiction of misdemeanors other than misdemeanors involving official misconduct and cases in which the highest fine that may be imposed is $500 or less." Tex. Gov't. Code Ann. § 26.045(a). Subject to two exceptions subsection (c) states that a constitutional county court in counties that have a criminal district court does not have any criminal jurisdiction. Tex. Gov't. Code Ann. § 26.045(c). Subchapter E of Texas Government Code chapter 24 establishes criminal district courts in Dallas County, El Paso County, Tarrant County, and Jefferson County. See Tex. Gov't Code. Ann. §§ 24.901 -20 (West, Westlaw through 2017 1st C.S.). We presume for the purposes of our analysis, that Harris County does not have a criminal district court as the Legislature used that term in section 26.045(c). See id.
ii. Section 25.0003
Section 25.0003(a) provides: "A statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for [constitutional] county courts." Section 25.1033 provides that in Harris County:
A county criminal court at law in Harris County has the criminal jurisdiction provided by law for [constitutional] county courts, concurrent jurisdiction with civil statutory county courts for Harris County to hear appeals of the suspension of a driver's license and original proceedings regarding occupational driver's licenses, and appellate jurisdiction in appeals of criminal cases from justice courts and municipal courts in the county.
Tex. Gov't Code Ann. § 25.1033. Neither the Court of Criminal Appeals nor this court has analyzed the interplay between section 25.0003 and section 26.045 or between section 25.1033 and section 26.045. In Weeks v. Hobson , the First Court of Appeals stated the following in a footnote:
The county judge is the presiding officer of the county commissioners court. Tex. Local Gov't Code Ann. § 81.001(b) (Vernon 1988). A constitutional county court has appellate jurisdiction in civil cases over which the justice courts have original jurisdiction, including forcible entry and detainer suits. Tex. Gov't Code Ann. §§ 26.042(e) (Vernon 1988), 27.031(a)(2) (Vernon Supp. 1994). However, in those counties having statutory county courts, such as Harris County, *449 Tex. Gov't Code Ann. § 25.1032(a) (Vernon 1988), the county court at law has jurisdiction over all civil and criminal causes prescribed by law for the constitutional county courts. Tex. Gov't Code Ann. § 25.0003(a) (Vernon 1988).
In Eris v. Giannakopoulos , the First Court, without addressing section 26.045, concluded that statutory county courts have concurrent jurisdiction with the constitutional county courts over civil cases. See Eris v. Giannakopoulos , 369 S.W.3d 618, 620 (Tex. App.-Houston [1st Dist.] 2012, pet. dism'd). See also Thielemann v. Kethan , 371 S.W.3d 286, 291-92 (Tex. App.-Houston [1st Dist.] 2012, pet. dism'd).
In some cases, for example Flores v. State , courts of appeals have concluded that county courts at law have original jurisdiction over Most Misdemeanors under section 26.045(a) ; however, these courts incorrectly concluded that the term "county court" in section 26.045(a) refers to county courts at law. In Flores , this court stated that a county court at law has exclusive jurisdiction of Most Misdemeanors under section 26.045(a). Flores v. State , 33 S.W.3d 907, 915 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd). None of these cases involved driving-while-intoxicated offenses, and none of them analyzed the text used by the Legislature in section 26.045, section 25.0003, and section 25.1033 to determine if the language can be harmonized or if the language irreconcilably conflicts. Therefore, these cases are not on point, and this question appears to be one of first impression.
iii. Texas Code of Criminal Procedure article 4.07
Article 4.01 of the Code of Criminal Procedure, entitled "What courts have criminal jurisdiction," identifies courts that have jurisdiction in criminal actions. Tex. Code Crim. Proc. Ann. art. 4.01. Article 4.01 lists "The county courts," "All county courts at law with criminal jurisdiction," and "County criminal courts." Article 4.07 of the Code of Criminal Procedure provides that "The county courts shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed five hundred dollars." Tex. Code Crim. Proc. Ann. art. 4.07.
In Campos v. State , this court held that county courts at law had concurrent jurisdiction with district courts over misdemeanor offenses involving official misconduct. 783 S.W.2d 7, 9 (Tex. App.-Houston [14th Dist.] 1989, pet. ref'd). In reaching this conclusion the Campos court noted that " article 4.07 grants county courts at law jurisdiction over all misdemeanors." Id. at 8. Article 4.07 stated that "The county courts shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine imposed shall exceed two hundred dollars." Act of May 14, 1991, 72nd Leg. R.S., ch. 108 sec 3 eff, 1991 Tex. Sess. Law Serv. Ch. 108 (current version at Tex. Code Crim. Proc. Ann. Art. 4.07 ) (differing in that it applies when the fine to be imposed shall exceed five hundred dollars). Appellant argues that we cannot rely on the statement in Campos that article 4.07 grants county courts at law jurisdiction over all misdemeanors because the statement is wrong. The trial court in Campos was a Harris County criminal court at law, and this court upheld its jurisdiction. The Campos court used the term "county court at law" in place of article 4.07 's "county court"; the court did not face the issue before this court today. See Campos , 783 S.W.2d at 8-9. Therefore, the Campos court did not address any of the statutes in the Government *450 Code establishing jurisdiction for constitutional county courts at law. Moreover, the statement in Campos that article 4.07 provided county courts at law jurisdiction over all misdemeanors amounts to an obiter dictum and so does not bind this court. See Garrett v. State , 377 S.W.3d 697, 704 n.27 (Tex. Crim. App. 2012). We presume for the sake of our analysis that article 4.07 addresses the jurisdiction of only constitutional county courts.
b. Irreconcilable Conflict
Section 26.045 provides that the constitutional county court has exclusive jurisdiction over Most Misdemeanors. Tex. Gov't Code Ann. § 26.045. Section 25.0003 provides that a statutory county court has jurisdiction over all causes and proceedings ... prescribed by law for [constitutional] county courts. Tex. Gov't Code Ann. § 25.0003. Section 25.1033 provides that county criminal courts in Harris County have the criminal jurisdiction provided by law for constitutional county courts. Tex. Gov't Code Ann. § 25.1033.
Because several statutes come into play in determining whether the trial court had subject-matter jurisdiction over this case, if possible, we should construe the statutes to give effect to each of them. See Mayo v. State , 4 S.W.3d 9, 11 (Tex. Crim. App. 1999). Appellant asserts that these statutes can be harmonized by construing section 26.045(a) to give constitutional county courts exclusive original jurisdiction over Most Misdemeanors and by construing section 25.0003(a) to give the statutory county courts the same jurisdiction as constitutional county courts over civil and criminal proceedings, except that the statutory county courts have no original jurisdiction over Most Misdemeanors.
Exclusive jurisdiction is "a court's power to adjudicate an action or class of actions to the exclusion of all other courts." Moon v. State , 451 S.W.3d 28, 38 n.32 (Tex. Crim. App. 2014). Giving effect to plain English, the constitutional county court cannot have exclusive jurisdiction of cases over which the statutory county court also has jurisdiction. See ids="6890110" index="65" url="https://cite.case.law/sw3d/451/28/">id. If constitutional county courts and statutory county courts both have jurisdiction over Most Misdemeanors, this arrangement would conflict with section 26.045 's grant of exclusive jurisdiction to the constitutional county court. See ids="6890110" index="66" url="https://cite.case.law/sw3d/451/28/">id. Under appellant's proposed statutory interpretation, statutory county courts would lack jurisdiction over Most Misdemeanors, but this interpretation would render meaningless the unambiguous text in section 25.1033 and in section 25.0003, under which statutory county courts have the same original criminal jurisdiction as constitutional county courts. See Tex. Gov't Code Ann. § 25.0003, 25.1033. We conclude that we cannot construe the statutes to give effect to each. See Mayo , 4 S.W.3d at 11. Section 26.045 and section 25.0003 irreconcilably conflict, and section 26.045 and section 25.1033 irreconcilably conflict. Because the statutes governing the trial court's subject-matter jurisdiction clash and cannot be reconciled, we must determine which statutes prevail.
i. Appellant's argument that exclusive-jurisdiction statutes should prevail
Appellant contends that in the event of conflict, section 26.045 should prevail over section 25.0003 and section 25.1033 because, according to appellant, a statute granting general jurisdiction must yield to a statute granting exclusive jurisdiction. In support of this proposition, appellant cites Caroll v. Caroll and Taub v. Aquila Southwest Pipeline , as well as other cases.
In Caroll v. Caroll , a statute granted the district court exclusive jurisdiction over a type of case, and no statute granted the *451 county court at law jurisdiction over that type of case. See Carroll v. Carroll , 304 S.W.3d 366, 367-68 (Tex. 2010). Caroll is not on point because the jurisdictional statutes in that case differ materially from the statutes in today's case. See ids="7300365" index="70" url="https://cite.case.law/sw3d/304/366/#p367">id. In addition, we do not read the Carroll opinion as standing for the proposition that a statute granting exclusive jurisdiction prevails over all other conflicting statutes. See ids="7300365" index="71" url="https://cite.case.law/sw3d/304/366/#p367">id. Taub v. Aquila Southwest Pipeline, and the other cases appellant cites also differ materially from today's case. In Taub , for example, a statute granted general jurisdiction over certain types of cases, and the Legislature later enacted a second statute granting exclusive jurisdiction over a subset of those cases to another court. See Taub v. Aquila Southwest Pipeline , 93 S.W.3d 451, 457 (Tex. App.-Houston [14th Dist.] 2002, no pet.). The statute granting exclusive jurisdiction prevailed in Taub -not because the statute granted exclusive jurisdiction, but because the statute was the later-enacted, and more specific, statute. See Taub , 93 S.W.3d at 457 ; Tex. Gov't. Code Ann. § 311.026(b) (noting that, in most circumstances, when statutes conflict, the more specific statute prevails).
The statutory scheme governing constitutional county courts and statutory courts differs because the statute granting exclusive jurisdiction is not a "special" or more specific statute as in Taub . Section 26.045 gives a general grant of exclusive original jurisdiction over Most Misdemeanors to constitutional county courts. Section 25.0003 references the constitutional county courts and gives statutory county courts the same criminal jurisdiction as the constitutional county courts. In the cases appellant cites, in which a statute granted general jurisdiction over a broad set of cases and a separate statute granted exclusive jurisdiction to a subset of those cases, the holdings did not turn on the statutory language granting a court exclusive jurisdiction; instead, the statute that happened to grant a particular court exclusive jurisdiction over a subset of cases governed because it was the more specific statute and the exception to the rule that the more-specific statute prevails did not apply. See Tex. Gov't. Code Ann. § 311.026 (West, Westlaw through 2017 1st C.S.); Mayo , 4 S.W.3d at 11 (stating that, if the statutes irreconcilably conflict and one statute is a general provision and the other is more specific, the specific statute prevails as an exception to the general provision, unless (1) the Legislature enacted the general provision later than the specific statute; and (2) the Legislature manifestly intended that the general provision prevail).
ii. Determining whether section 25.1033 prevails over section 26.045
Neither section 26.045 nor section 25.0003 is more specific than the other. Compare Tex. Gov't Code Ann. § 26.045with Tex. Gov't Code Ann. § 25.0003. Section 26.045 provides that constitutional county courts have exclusive original jurisdiction over Most Misdemeanors. See Tex. Gov't Code Ann. § 26.045. Additional sections under chapter 26 modify the jurisdiction of the constitutional county courts for particular counties. See Tex. Gov't Code Ann. §§ 26.103 -353. Subchapter E of chapter 26 sets forth specific provisions regarding the jurisdiction of constitutional county courts in certain counties, some of which differ from the general jurisdictional scheme. See Tex. Gov't Code Ann. § 26.103, et seq. (West, Westlaw through 2017 1st C.S.). For example, Denton County's constitutional county court "has no probate, juvenile, civil, or criminal jurisdiction." Tex. Gov't Code Ann. § 26.161 (West, Westlaw through 2017 1st C.S.). There is no provision in this subchapter addressing Harris County's constitutional *452 county court. See Tex. Gov't Code Ann. § 26.103, et seq.
Chapter 25 of the Government Code provides broad rules governing statutory county courts at law. Unlike Chapter 26, Chapter 25 does contain a provision specifically addressing Harris County. Section 25.1033 discusses the jurisdictional breakdown of the statutory county courts in Harris County and provides that "a county criminal court at law in Harris County has the criminal jurisdiction provided by law for county courts...." Tex. Gov't. Code Ann. § 25.1033. Because section 25.1033 is a local, more specific provision, and section 26.045 is not, we must apply section 25.1033 unless (1) the Legislature enacted section 26.045 after section 25.1033 ; and (2) the Legislature manifestly intended that section 26.045 prevail over section 25.1033. See Tex. Gov't. Code Ann. § 311.026(b) ; Mayo , 4 S.W.3d at 11 ; Cantu , 842 S.W.2d at 685 n.13. The Legislature enacted section 25.1033 in 1987, two years after enacting section 26.045. Compare Act of April 30, 1987, 70th Leg., R.S. ch. 148, § 4.01, 1987 Tex. Gen. Laws 534, 650-51 with Act of May 17, 1985, 69th Leg., R.S. ch. 480, § 1, Tex. Gen. Laws 1720, 1800. Nothing in section 26.045 suggests that the Legislature manifestly intended that section 26.045 should prevail over section 25.1033. See Tex. Gov't Code Ann. § 26.045. Therefore, we conclude that section 25.1033, as the more specific statute, prevails over section 26.045. See Tex. Gov't. Code Ann. § 311.026(b) ; Graphic Packaging Corp. , 538 S.W.3d at 97-98, 2017 WL 6544951, at *5 ; In re Memorial Hermann Hosp. Sys. , 464 S.W.3d 686, 718-19 (Tex. 2015).
In the alternative, we conclude that even if section 25.1033 were not the more specific statute, that statute still would prevail over section 26.045 because the Legislature enacted section 25.1033 two years after it enacted section 26.045.[4] Compare Act of April 30, 1987, § 4.01, Tex. Gen. Laws at 650-51 with Act of May 17, 1985, § 1, 1985 Tex. Gen. Laws at 1800. See Tex. Gov't. Code Ann. § 311.025 (if two statutes are irreconcilable, the later-enacted statute prevails); Graphic Packaging Corp. , 538 S.W.3d at 97-98, 2017 WL 6544951, at *5 ; In re Memorial Hermann Hosp. Sys. , 464 S.W.3d at 718-19 ; Byrum v. State , 762 S.W.2d 865, 891 (Tex. App.-Houston [14th Dist.] 1988, no pet.). We conclude that section 25.1033 prevails over section 26.045. Thus, under section 25.1033, a county criminal court at law in Harris County has original jurisdiction over Most Misdemeanors, including driving-while-intoxicated cases. See Tex. Gov't Code Ann. §§ 25.1033 ; 26.045; Tex. Code Crim. Proc. Ann. art. 4.07. And, the trial court had jurisdiction over appellant's case. See ion index="98" url="https://cite.case.law/citations/?q=Tex.%20Code%20Ann.%20%C2%A7%2025.1033">id. We overrule appellant's first issue.
-DISSENTING OPINION[5] -
B. Did the trial court err in imposing a court cost under article 102.018(a) ?
In her second issue, appellant asserts that the trial court erred in assessing against her a $15 court cost under article 102.018(a) because appellant was not visually recorded after her arrest. A majority of the panel (Justices Donovan and Wise) concludes that the trial court did not err in assessing this cost for the reasons stated *453 in Justice Donovan's opinion. I respectfully dissent on this issue.
With exceptions not applicable to this case, article 102.018(a) of the Texas Code of Criminal Procedure provides that "on conviction of an offense relating to the driving or operating of a motor vehicle under Section 49.04, Penal Code, the court shall impose a cost of $15 on a defendant if, subsequent to the arrest of the defendant, a law enforcement agency visually recorded the defendant with an electronic device." Tex. Code Crim. Proc. Ann. art. 102.018(a). Appellant asserts that the video recording captured her performing field-sobriety tests before the officer placed appellant under arrest, but she contends that she was not visually recorded after her arrest.
The officer visually recorded appellant performing field-sobriety tests. Appellant is last seen visually in the recording as she walks towards the patrol car with the officer. The recording continues to capture video images of the parking lot and the audio portion of the recording captures the officer reading appellant statutory rights and informing appellant that she is under arrest. From that point forward, the video continues visually recording the parking lot-not appellant. The record contains no visual recording of appellant after her arrest.
Though the video recording continued to capture appellant's statements, it did not capture visual images of appellant after her arrest. The text of article 102.018(a) imposes the fee only if appellant is visually recorded by an electronic device "subsequent to the arrest of [appellant]." Tex. Code Crim. Proc. Ann. art. 102.018(a). Though audio recordings sometimes accompany visual recordings, an audio recording is not the same as a visual recording. A visual recording device was turned on and running after appellant's arrest, yet appellant was not visually recorded after her arrest. If the Legislature intended to impose this court cost any time an electronic device captured a visual or audio recording of a defendant, the Legislature could have drafted a statute that said that. Instead, the Legislature spoke with precision, specifying a post-arrest visual recording as the triggering point for the cost assessment. Our role is not to add to or take away from what the Legislature prescribed but to apply the statute as written. See Vandyke , 538 S.W.3d at 569-70, 2017 WL 6505800, at *4.
Giving the statute its plain meaning, the trial court erred in assessing appellant a court cost under article 102.018 when the record contained no post-arrest visual recording of appellant. This court should sustain appellant's second issue, reform the judgment to delete the $15 court cost assessed under article 102.018(a), and affirm the judgment as reformed. See Cates v. State , 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (holding proper remedy for error in assessing a court cost is to reform judgment to delete the cost). Because it does not, I respectfully dissent.
-END OF DISSENTING OPINION -
III. CONCLUSION
This court unanimously concludes that the trial court had jurisdiction over this driving-while-intoxicated case (section II.A.). A majority of the panel members (Justices Donovan and Wise) concludes, over Chief Justice Frost's dissent (section II.B.), that the trial court did not err in assessing a court cost under article 102.018(a). The trial court's judgment is affirmed.
( Donovan, J., writing a separate opinion for the panel majority on appellant's second issue).
John Donovan, Justice, separate opinion for a majority of the court.
*454 We join Section II.A of Chief Justice Frost's opinion overruling appellant's first issue and holding the trial court had jurisdiction over appellant's case. This opinion addresses appellant's second issue in section II.B.
B. Did the trial court err in imposing court costs under article 102.018(a) ?
Appellant asserts the trial court erred in assessing against her a $15 court cost under article 102.018(a) because appellant was not visually recorded after her arrest. See Tex. Code Crim. Proc. Ann. art. 102.018(a). The statute in question is titled "Costs Attendant to Intoxication Convictions" and provides, in pertinent part:
(a) Except as provided by Subsection (d) of this article, on conviction of an offense relating to the driving or operating of a motor vehicle under Section 49.04, Penal Code, the court shall impose a cost of $15 on a defendant if, subsequent to the arrest of the defendant, a law enforcement agency visually recorded the defendant with an electronic device.
Tex. Crim. Proc. Code Ann. art. 102.018. Appellant asserts that the video recording only captured her performing field-sobriety tests before Officer Frederick placed her under arrest. Appellant contends that because she was not visually recorded after her arrest, the imposition of the fee is erroneous. The State defends the cost assessment, arguing that the recording did continue after appellant's arrest. Neither appellant nor the State cite any authority, and we are aware of none, interpreting this statute.
The visual recording was taken from the front of Frederick's patrol car. It shows appellant performing field-sobriety tests. Appellant then walks towards the patrol car with Frederick and enters the patrol car, leaving the camera's field of view. The camera continues to record the parking lot, which is now empty, and what is said from inside the patrol car by appellant and the officer. The recording does not reflect anything that was said to appellant before she entered the car; there is no audio recording of the field sobriety tests. The audio portion of the recording reveals that after appellant entered the car, Frederick informed her that she was under arrest.
Essentially, appellant's argument is that the statute only imposes the $15 cost if she is seen on camera after the arrest. Under appellant's construction of the statute, because she exited the camera's field of view before she was arrested, which appellant presumes did not occur until Frederick told her so, the visual recording fee should not have been assessed.
The recording in question was one continuous visual recording by an electronic device. Assuming, without deciding, that appellant was not arrested before she entered the back of the patrol car, the electronic device continued to visually record; the statute does not specify the camera position or require the defendant to be "on camera" for the entirety of the recording. We decline to hold the trial court erred in assessing the $15 visual recording fee under the facts of this case. Appellant's issue is overruled.
Because the panel has overruled appellant's first issue and a majority of the panel has overruled appellant's second issue, the judgment of the trial court is affirmed.

All further references to section 25.0003 refer to Texas Government Code section 25.0003.

All further references to section 26.045 refer to Texas Government Code section 26.045. This case does not involve official misconduct or a misdemeanor in which the highest fine that may be imposed is $500 or less.

All further references to section 25.1033 are to Texas Government Code section 25.1033.

Similarly, the Legislature enacted section 25.003 two years after enacting section 26.045. Compare Act of April 30, 1987, 70th Leg., R.S. ch. 148, § 4.01, 1987 Tex. Gen. Laws 534, 612-13, with Act of May 17, 1985, 69th Leg., R.S. ch. 480, § 1, 1985 Tex. Gen. Laws 1720, 1800.

Section II.B. of this opinion is Chief Justice Frost's dissenting opinion to the court's disposition of appellant's second issue.