# NO. 12-20-00120-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JOE MARLIN GILMER,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Joe Marlin Gilmer, acting pro se, filed this original proceeding in which he complains that the Van Zandt County District Clerk, Karen Wilson, failed to file his notices of appeal and the Honorable Joshua Z. Wintters, Judge of the Van Zandt County Court at Law, lacked "jurisdiction to enter Orders upon matters that stem from a State district court in felony matters." We dismiss in part and deny in part.

### AVAILABILITY OF MANDAMUS

To obtain mandamus relief in a criminal case, the relator must show that he does not have an adequate remedy at law and the act he seeks to compel is ministerial (not involving a discretionary or judicial decision). *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either prong of this test, mandamus relief should be denied. *Id*.

### NOTICES OF APPEAL

Relator first seeks mandamus relief from Wilson's failure to file his notices of appeal and forward them to this Court.[1]

---

[1] We have jurisdiction to issue a writ of mandamus against a district clerk for failure to forward to this Court a notice of appeal delivered to the clerk for filing because such is necessary to enforce our jurisdiction. *In re Talkington*, No. 12-07-00272-CR, 2007 WL 2178551, at *1 (Tex. App.—Tyler July 31, 2007, orig. proceeding) (mem. op., not designated for publication); *see Ex parte Sanders*, No. WR-80,356-01, 2013 WL 5872901, at *1 (Tex.

On January 29, 2020, Judge Wintters signed orders denying Relator's motion for appointment of counsel – forensic DNA testing and motion to rescind withdrawal order. On February 24, Relator filed notices of appeal from both orders with the District Clerk's Office. On February 25, the District Clerk's Office informed Relator that the notices had been rejected and returned to him because the time for filing the notices expired.[2] Upon receiving Relator's petition for writ of mandamus, to which the notices were attached, this Court filed the notices of appeal and docketed them as cause numbers 12-20-00121-CR and 12-20-00123-CV. Accordingly, because the notices of appeal have now been filed with this Court, Relator has received the relief requested and this complaint is now moot. *See **In re Bonilla***, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (orig. proceeding) (there is nothing to mandamus when relief sought has become moot); *see also **In re Andrews***, No. 12-19-00015-CR, 2019 WL 210815, at *1 (Tex. App.—Tyler Jan. 16, 2019, orig. proceeding) (mem. op., not designated for publication) (per curiam).

## <u>JURISDICTION</u>

According to Relator's petition, he was convicted of aggravated assault on January 13, 2017, in the 294th Judicial District Court of Van Zandt County, Texas. Because he was convicted in the District Court, Relator maintains that Judge Wintters lacked jurisdiction to rule on his motions for appointment of counsel and to rescind withdrawal order.[3] As previously discussed, this Court has now received and filed Relator's notices of appeal from those orders. Relator may challenge on appeal Judge Wintters's jurisdiction to sign the orders. *See **Gutierrez v. State***, 307

---

Crim. App. Oct. 30, 2013) (order, not designated for publication) (per curiam); *see also **In re Foster***, No. 14-16-00698-CR, 2016 WL 5853282, at *1 (Tex. App.—Houston [14th Dist.] Oct. 6, 2016, orig. proceeding) (mem. op., not designated for publication) (per curiam); ***In re Smith***, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

[2] In pertinent part, the rules of appellate procedure provide that the notice of appeal must be filed within thirty days after the day the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a). Relator's notices of appeal were due on February 29; thus, they were timely filed on February 24. A district clerk has a ministerial duty to send a notice of appeal to the court of appeals. ***Sanders***, 2013 WL 5872901, at *1; *see **Smith***, 263 S.W.3d at 95-6. "Once a notice of appeal is delivered to the clerk for filing, whether it is timely or untimely, the determination of appellate jurisdiction must be made by the appellate court." ***Smith***, 263 S.W.3d at 95.

[3] *See* TEX. GOV'T CODE ANN. § 74.094(a) (West 2013) ("district or statutory county court judge may hear and determine a matter pending in any district or statutory county court in the county regardless of whether the matter is preliminary or final or whether there is a judgment in the matter. The judge may sign a judgment or order in any of the courts regardless of whether the case is transferred"); *see also* § 25.0003(a) (West Supp. 2019) ("statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts"); § 25.2362(a)(1) (West Supp. 2019) (Van Zandt County Court at Law has concurrent jurisdiction in felony cases).

S.W.3d 318, 323 (Tex. Crim. App. 2010) (denial of motion for DNA testing is appealable and when motion is denied, any alleged error in denial of request for appointment of counsel may be raised at that time); *see also* **Brown v. State**, 594 S.W.3d 609, 610 (Tex. App.—Waco 2019, no pet.) (inmate may appeal from final order denying motion to modify or rescind withdrawal order); **Dailing v. State**, 546 S.W.3d 438, 443 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (appellant may challenge subject-matter jurisdiction for first time on appeal). Accordingly, we conclude that Relator has an adequate remedy by appeal as to this complaint and mandamus relief is not warranted.

## DISPOSITION

Having determined that Relator's complaint as to the District Clerk is moot, we **dismiss** that portion of Relator's petition for writ of mandamus as **moot**. And because Relator possesses an adequate remedy by appeal with respect to his complaint against Judge Wintters, we **deny** that portion of Relator's petition.

Opinion delivered May 6, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 6, 2020**

**NO. 12-20-00120-CR**

**JOE MARLIN GILMER,**
Relator
V.

**HON. JOSHUA Z. WINTTERS,**
**KAREN WILSON**
Respondents

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Joe Marlin Gilmer; who is the relator in appellate cause number 12-20-00120-CR and the defendant in trial court cause number CR-15-00226, Van Zandt County, Texas. Said petition for writ of mandamus having been filed herein on April 23, 2020, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed as moot in part and denied in part**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

4