

**KEN PAXTON**

ATTORNEY GENERAL OF TEXAS

RANCE CRAFT
Deputy Solicitor General

ACCEPTED
15-24-00073-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/16/2025 9:23 AM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
(512) 936-1700
4/16/2025 9:23:15 AM
Rance.Craft@oag.texas.gov
CHRISTOPHER A. PRINE
Clerk

April 16, 2025

**Via Electronic Filing**

Christopher A. Prine
Clerk of the Court
Fifteenth Court of Appeals

> Re: *Texas Department of Insurance v. Thomas*
> No. 15-24-00073-CV

Dear Mr. Prine:

Appellant Texas Department of Insurance (TDI) files this post-submission letter responding to Chief Justice Brister's invitation at oral argument to provide supplemental briefing regarding the Court's jurisdiction over this appeal. Please distribute it to the Court.

The Chief Justice invited TDI to answer the following questions:

(1) May the Court exercise appellate jurisdiction over *both* the claims against TDI under federal law, which are included in the Court's exclusive intermediate appellate jurisdiction, and the claim against TDI under Chapter 21 of the Texas Labor Code, which is excluded from the Court's exclusive intermediate appellate jurisdiction?

(2) If the Court may not exercise appellate jurisdiction over both sets of claims, what should the Court do?

As discussed below, the answer to the first question is yes, the Court may exercise appellate jurisdiction over both the federal and state claims. But if the Court disagrees and concludes that it may not exercise jurisdiction over the Chapter 21 claim, then the answer to the second question is that the Court should sever that claim into a separate appeal and transfer that appeal to the Third Court of Appeals.

## I

This interlocutory appeal from the denial of TDI's plea to the jurisdiction involves Plaintiff's claims under federal law and Chapter 21. The federal-law claims come within the Court's exclusive intermediate appellate jurisdiction because they are matters "brought against" a "department . . . in the executive branch of the state government." Tex. Gov't Code § 22.220(d)(1). The Chapter 21 claim, however, is not a matter within the Court's exclusive intermediate appellate jurisdiction because the Legislature expressly carved proceedings under Chapter 21 out of that exclusive jurisdiction. *Id.* § 22.220(d)(1)(M).

The Court asked how the presence of these matters in the same appeal affects its jurisdiction. There are only three possible outcomes:

(1) The Court may exercise jurisdiction over the entire appeal.

(2) The Court may exercise jurisdiction over only the federal-law matters.

(3) The Court may not exercise jurisdiction over the entire appeal.

The third outcome is plainly wrong. If this entire appeal were brought in or transferred to any other court of appeals, it would violate the statutory command that this Court has "exclusive" intermediate appellate jurisdiction over the federal-law claims against TDI. *Id.* § 22.220(d)(1); *see Dailing v. State*, 546 S.W.3d 438, 450 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (describing exclusive jurisdiction as "a court's power to adjudicate an action or class of actions to the exclusion of all other courts"); *see also Roccaforte v. Jefferson County*, 341 S.W.3d 919, 923 (Tex. 2011) (indicating that when a statute vests exclusive jurisdiction in a particular forum, it withdraws all power from other courts under any circumstances).

That leaves just the first two options: The Court may exercise jurisdiction over the entire appeal, or the Court may exercise jurisdiction over only the federal-law claims. TDI believes that the Court may exercise jurisdiction over the entire appeal for the following reasons.

**A.** To begin, although this Court's "exclusive intermediate appellate jurisdiction" is limited to certain "matters," its general appellate jurisdiction extends to a "case."

The Court's "exclusive intermediate appellate jurisdiction" is determined by what "matters" are being appealed. Tex. Gov't Code § 22.220(d). The statute does not define the word "matters," so the word receives its common, ordinary meaning unless the statute clearly indicates a different result. *Tex. State Bd. of Exam'rs of Marriage & Fam. Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 34 (Tex. 2017). To determine a statutory term's common, ordinary meaning, courts typically look first to dictionary definitions. *Id.* at 35. Black's Law Dictionary defines "matter" as "**1.** [a] subject under consideration, esp[ecially] involving a dispute or litigation; . . . **2.** [s]omething that is to be tried or proved; an allegation forming the basis of a claim or defense." *Matter*, Black's Law Dictionary (11th ed. 2019). Those definitions suggest that the term "matter" means a specific dispute or issue within a case, but not necessarily the case as a whole.

True, a "**matter** is sometimes viewed as the lawyer's puffed-up equivalent of a *case*." *Matter*, Garner's Dictionary of Legal Usage (3d ed. 2011) (emphasis in original). But in the context of the Court's jurisdiction statute, "matter" and "case" cannot be equivalent. For one thing, the statute says that "matters aris[e] out of or [are] related to a civil case." Tex. Gov't Code § 22.220(d). That statement shows that matters are parts of a case, not the case itself. For another, section 22.220(d) uses the plural form of matter, indicating that a case may contain more than just one matter. Finally, many of the matters excepted from the Court's exclusive intermediate appellate jurisdiction are "proceeding[s]" under specific statutes that could be paired with other causes of action in a single case. *E.g.*, *id.* § 22.220(d)(1)(G) (a claim under the Tort Claims Act). Thus, the "matters" that trigger this Court's exclusive intermediate appellate jurisdiction must refer to the individual claims or defenses that make up a case.

This Court's general appellate jurisdiction, however, is not confined to those "matters"; it encompasses an entire "case." The Texas Constitution grants each court of appeals appellate jurisdiction that is "co-extensive with the limits of [its] . . . district[]" and "extend[s] to all *cases*" in its judicial district "under such restrictions and regulations as may be prescribed by law." Tex. Const. art. V, § 6(a) (emphasis added). The Legislature retained the "case" as the relevant jurisdictional unit, generally granting "each court of appeals" "appellate jurisdiction of all civil *cases* within its district." Tex. Gov't Code § 22.220(a) (emphasis added). Because this Court's district "is composed of all counties in this State," *id.* § 22.201(p), it has "expansive" appellate jurisdiction "over civil *cases* appealed from every county" in

Texas, *Kelley v. Homminga*, 706 S.W.3d 829, 832 (Tex. 2025) (per curiam) (emphasis added).

The Legislature confirmed that case-centric jurisdiction elsewhere. The act creating this Court reflects that the Legislature intended to grant it "jurisdiction over certain civil *cases*." Act of May 21, 2023, 88th Leg., R.S., ch. 459, 2023 Tex. Gen. Laws 1113 (emphasis added). And the Legislature instructed that "any *case* or proceeding properly filed" in this Court is not subject to a docket-equalization transfer to another court of appeals. Tex. Gov't Code § 73.001(b) (emphasis added).

Text and context thus establish that (1) certain cases must be appealed to this Court because they include matters within this Court's exclusive intermediate appellate jurisdiction, and (2) the Court's appellate jurisdiction extends to the entire case, not just those matters.

**B.** If any doubt remained about whether the Court's appellate jurisdiction over a case includes matters outside of its exclusive intermediate appellate jurisdiction, the doctrine of extended jurisdiction resolves that concern. Under that doctrine, when a statute grants a court appellate jurisdiction to review a specific issue or order, the court acquires "extended jurisdiction" over the entire case. *Brown v. Todd*, 53 S.W.3d 297, 301-02 (Tex. 2001).

*Brown* concerned the Texas Supreme Court's appellate jurisdiction over interlocutory appeals, which at that time was limited to certain enumerated circumstances, including when the "justices of the courts of appeals disagree on a question of law material to the decision." *See* Tex. Gov't Code § 22.225(c) (repealed 2017). The jurisdictional dispute in *Brown* arose from the fact that it was an interlocutory appeal with *two* petitions for review, but only one of them involved a question of law on which the court of appeals' justices had disagreed. 53 S.W.3d at 300-01. The other petitioner sought review of an issue on which the court of appeals' decision was unanimous. *Id.* at 301. The first petitioner therefore argued that the Supreme Court had jurisdiction over only his petition. *Id.* The Court disagreed, reasoning that "if our jurisdiction is properly invoked on one issue, we acquire jurisdiction of the entire case." *Id.* That "well-established extended jurisdiction doctrine," the Court explained, "gives us authority to consider claims over which we would otherwise lack jurisdiction, so long as they are raised with a claim that is within our jurisdiction." *Id.*; *see also Farmers Grp., Inc. v. Lubin*, 222 S.W.3d 417, 421 (Tex. 2007) (Brister, J.) (holding that the Supreme Court's express jurisdiction to

review an interlocutory class-certification order issued under Texas Rule of Civil Procedure 42 meant that the Court also had jurisdiction to review the order to the extent it was issued under the Insurance Code).

The *Brown* Court elaborated that this application of the extended-jurisdiction doctrine is rooted in statutory text. Again, the relevant statute then granted the Court jurisdiction in an interlocutory appeal "to review 'a civil *case* brought to the court of appeals from an appealable judgment of a trial court in which the justices of the courts of appeals disagree on *a* question of law material to the decision.'" *Brown*, 53 S.W.3d at 301-02 (quoting and adding emphases to Tex. Gov't Code § 22.225(c) (repealed 2017)). Accordingly, "[i]t is the case, not merely the question [of law], over which the jurisdiction is extended by the language [of the jurisdictional statute]. The existence of the question is the reason why the jurisdiction is given, but it is the case that is brought within it." *Id.* at 302 (quoting *Tex. & P. Ry. v. Webb*, 114 S.W. 1171, 1173-74 (Tex. 1908)).

So, too, with this Court's jurisdiction statute. As discussed above, certain "matters" must be appealed to this Court—and no other court of appeals—because it has "exclusive intermediate appellate jurisdiction" over them. Tex. Gov't Code § 22.220(d). But because the statute also recognizes that a "matter" can be merely part of a "case," *id.*, and grants this Court appellate jurisdiction of all civil "cases" within its district, *id.* § 22.220(a), the statute extends this Court's appellate jurisdiction to the entire case. To paraphrase *Brown*, "[t]he existence of the [matter] is the reason why the jurisdiction is given, but it is the case that is brought within it." 53 S.W.3d at 302 (quoting *Tex. & P. Ry.*, 114 S.W. at 1173-74).

**C.** This reading finds further support in the absence of any provision for the only other possible outcome: two separate appeals from the same order or judgment.

The Legislature anticipated that a party might file an appeal in this Court that should have been filed in a regional court of appeals and vice versa, so it tasked the Supreme Court with adopting rules for transferring appeals filed in the wrong courts. Tex. Gov't Code § 73.001(c). It also anticipated that the Supreme Court might transfer cases properly filed in this Court to another court of appeals for docket-equalization purposes, so it expressly prohibited that practice. *Id.* § 73.001(b).

An appealable order or judgment that involves matters both within and outside of this Court's exclusive intermediate appellate jurisdiction is an equally predictable

scenario. So, if the Legislature had intended for a litigant to appeal to this Court only those matters within the Court's exclusive intermediate appellate jurisdiction, and to appeal any other matters in the same case to a regional court of appeals, one would expect the Legislature to have prescribed or authorized procedures and rules to govern that process. Yet it did not. For example, no new provision authorizes an appellant to take two separate appeals from the same judgment. That void provides another reason why TDI's reading of this Court's jurisdictional statute must be the correct one.

**D.** Finally, nothing in the Supreme Court's recent *Kelley* decision undercuts this analysis.

In *Kelley*, the Supreme Court addressed the distinct question of whether a party may properly file in this Court an appeal that includes *no* matters within its exclusive intermediate appellate jurisdiction. *See* 706 S.W.3d at 830. Answering "no," the Supreme Court concluded that "the fair meaning of the act" creating this Court "is that the Legislature intended [this Court] to hear (1) appeals and writs within its exclusive intermediate appellate jurisdiction, and (2) appeals [the Supreme Court] transfer[s] into [this Court] for docket-equalization purposes." *Id.* at 834.

*Kelley* thus did not address or answer the question presented here: whether a party may properly file in this Court, and this Court may properly exercise appellate jurisdiction over, an appeal that includes multiple matters, only some of which are within the Court's exclusive intermediate appellate jurisdiction. Accordingly, *Kelley* poses no precedential bar to the Court adopting TDI's proposed reading.

If anything, *Kelley* is consistent with TDI's position. Again, *Kelley* holds that:

- This Court *has* appellate jurisdiction "over civil cases appealed from every county." *Id.* at 832.

- But this Court "should not exercise" that appellate jurisdiction over a case that contains *no* matters within its exclusive intermediate appellate jurisdiction because an appeal of such a case is "inappropriately filed" in this Court. *Id.* at 833.

- The correct disposition of such an appeal is *not* to dismiss it—because that would be proper only if the Court lacked appellate jurisdiction altogether—but instead to transfer it "to another court with concurrent jurisdiction." *Id.*

Those holdings confirm what TDI explained above: This Court *has* appellate jurisdiction over this case. The only question under *Kelley* is whether TDI "properly filed" this appeal in this Court and the Court should therefore exercise that jurisdiction. *Kelley* at least suggests that the answer is "yes" because it refers to "'properly filed' *cases*," "'inappropriately filed' *cases*," and transferring "*the case*" from one appellate court to another, *id.* (emphases added)—never alluding to the possibility of splitting a case into two separate appeals, one for matters within this Court's exclusive jurisdiction and one for the remaining matters.

Another holding in *Kelley* further bolsters TDI's view. The Supreme Court held that it may transfer any civil appeal—including, presumably, one that contains no matters within this Court's exclusive intermediate appellate jurisdiction—to this Court "for docket-equalization purposes." 706 S.W.3d at 834. It would be quite odd for the Legislature to have intended for this Court to hear entire appeals that are wholly outside of its exclusive jurisdiction so long as they are docket-equalized, but to require any appeal that contains only some matters within the Court's exclusive jurisdiction to be bifurcated. Certainly nothing in this Court's jurisdictional statute or *Kelley* supports such a strange result.

## II

The second question the Court asked is: if the Court concludes that it may not exercise appellate jurisdiction over both sets of claims but rather over only the federal-law matters, what action should the Court take?

TDI believes that, in that scenario, the Court should sever the Chapter 21 matter into a separate appeal and transfer it to the Third Court of Appeals for a decision and leave the federal-law matters in this Court for a decision. *See* Tex. R. App. P. 27a(c)(2). The Texas Rules of Appellate Procedure allow courts of appeals to sever appeals in other circumstances. *See id.* R. 8.2-8.3(b) (bankruptcy), 42.1(b) (settlement). And to the extent any rule would preclude the Court from severing the appeal in this circumstance, this Court has authority to "suspend [that] rule's operation" and "order a different procedure." *Id.* R. 2. *If* this Court concludes that it may not exercise appellate jurisdiction over the entire appeal as filed, the procedure of severing and transferring the Chapter 21 matter appears to be the only way to honor both (1) this Court's exclusive intermediate appellate jurisdiction over the federal-law matters, Tex. Gov't Code § 22.220(d)(1); and (2) *Kelley*'s holding

that transfer is the correct disposition of an appeal over which this Court has appellate jurisdiction but was inappropriately filed in this Court, 706 S.W.3d at 833.

\* \* \* \*

For the foregoing reasons, TDI requests that the Court exercise its appellate jurisdiction over and decide both the federal-law matters and Chapter 21 matter in this case. Alternatively, the Court should sever the Chapter 21 matter into a separate appeal and transfer it to the Third Court of Appeals for a determination, keeping the federal-law matters for a determination by this Court.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

AARON L. NIELSON
Solicitor General

/s/ Rance Craft
RANCE CRAFT
Deputy Solicitor General
State Bar No. 24035655
Rance.Craft@oag.texas.gov

PHILIP A. LIONBERGER
Assistant Solicitor General

COLE P. WILSON
Assistant Attorney General

Counsel for Appellant

## CERTIFICATE OF COMPLIANCE

Microsoft Word reports that this document contains **2,647** words, excluding exempted text.

/s/ Rance Craft
RANCE CRAFT

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Maria Mendoza-Williamson on behalf of Rance Craft
Bar No. 24035655
maria.williamson@oag.texas.gov
Envelope ID: 99726381
Filing Code Description: Other Document
Filing Description: 20250416 Notice of Appearance of Counsel
Status as of 4/16/2025 9:55 AM CST

Associated Case Party: Texas Department of Insurance

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Raymond Abarca | | Raymond.Abarca@oag.texas.gov | 4/16/2025 9:23:15 AM | SENT |
| Cole Wilson | | Cole.Wilson@oag.texas.gov | 4/16/2025 9:23:15 AM | SENT |
| Rance Craft | | rance.craft@oag.texas.gov | 4/16/2025 9:23:15 AM | SENT |

Associated Case Party: Som Thomas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mark DDowney | | mdowney@dlawgrp.com | 4/16/2025 9:23:15 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Nancy Villarreal | | nancy.villarreal@oag.texas.gov | 4/16/2025 9:23:15 AM | SENT |